| 75 | 79 |
| 155 | 607 |

| 75 | 79 |
| a197 | 412 |

## Shisler *versus* Keavy.

1. It was agreed to submit all matters in a pending suit to referees under the Act of June 16th 1836, that the submission should be made a rule of court, and be binding "without appeal, exception or writ of error." *Held*, that the award was not invalid for want of the affidavit directed by the 2d section.

2. That section does not apply to a submission and rule in a pending suit.

3. After filing the submission the parties agreed to substitute a referee in place of one declining to serve. *Held*, this waived an affidavit, if it were required.

4. When the submission is in a pending action it need not be stipulated that it shall be a rule of court.

5. On the day the award was filed one of the parties filed a revocation of his submission; the court below refused to set the award aside. *Held*, that it belonged to such court to correct errors as on motion for a new trial, and the Supreme Court will not review the decision, except as to matters appearing by the record.

6. Neither depositions, other evidence nor the reasons of the court below are part of the record.

7. After an agreement for submission has been executed neither party can revoke it.

8. Under an agreement for submission providing that the award shall be

25 P. F. SMITH—6

[Shisler *v.* Keavy.]

final, without appeal or exception, the court cannot rectify a mistake of fact of the referees.

9. A submission in writing cannot be revoked except by writing given to the referees or a majority of them.

10. Walls *v.* Fife, 1 Wright 394, remarked on.

January 7th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 125, to January Term 1872.

This was an amicable action in assumpsit, in which Richard Keavy was plaintiff and Isaac M. Shisler defendant, commenced February 23d 1871.

By writing filed March 7th 1871, it was " agreed that all matters in controversy in above suit be referred to George C. Miller, Peter F. Stout and Isaac M. Post, under the provision of the Act of Assembly of the Commonwealth of Pennsylvania approved June 16th 1836, that such submission become a rule of court, either party to be bound and concluded by the award of said referees, or a majority of them, without the right to appeal, file exception, or take out a writ of error. Attorney to accept service for either one."

1871. June 20th.—By writing filed it was agreed that Norman H. Stevens be substituted as arbitrator in the above case, in place of Isaac M. Post, who had declined to serve. 1871. August 14th.—Defendant's withdrawal from rule of arbitration was filed. 1871. August 15th.—Award of referees filed; it was as follows :—

" We, the undersigned, arbitrators named in the foregoing rule of reference and agreement for substitution, met at the office of A. A. Hirst, Esq., on Monday, the 17th July 1871, at 3 o'clock P. M., the plaintiff and his counsel and defendant's counsel, Edward A. Brady, Esq., present : proof being given of the proper service of notice on defendant personally; at request of counsel for defendant we adjourned until Monday, July 24th 1871, at 3 o'clock in the afternoon, to meet at the same place, when we were attended by both plaintiff and defendant, and by each of their counsel. We made progress, and at request of counsel for defendant, we adjourned until Monday, August 14th 1871, at 3 o'clock in the afternoon, at the same place, when we were attended by plaintiff and counsel for plaintiff, and having determined the matter in controversy submitted to us, we award that there is due from the defendant to the plaintiff the sum of one hundred and forty dollars. Witness our hands this 14th day of August, A. D. 1871."

The defendant's notice of revocation was as follows :—

" Messrs. N. H. Stevens, P. F. Stout and G. C. Miller :— Please notice that I hereby withdraw from the arbitration rule

[Shisler v. Keavy.]

filed in the above case, and decline to abide by said reference or to be bound thereby.          ISAAC M. SHISLER, Defendant.

"August 12th 1871."

The defendant filed exceptions to the award, viz. :

1. The award is illegal.

2, 3. It was filed after written notice to the referees of revocation of the submission and after the revocation was filed.

7. The submission is not in accordance with law.

The affidavit of the defendant as to the notice of revocation was, that on the 14th of August 1871, he served a written notice of revocation on the counsel of the plaintiff, and at the same time served a similar notice on Peter F. Stout, one of the referees, "with whom similar notices were left for the other referees before the award was made." The affidavit further averred that defendant had a good defence to the whole of plaintiff's claim, and set out the grounds of the defence, which he averred he could prove.

The District Court (Lynd, J.) dismissed the exception, and directed judgment on the award to be entered for the plaintiff.

On the removal of the record to the Supreme Court by the defendant, this order of the court was assigned for error.

*A. Thompson*, for plaintiff in error.—A submission is revocable : Watson on Awards 16, 21 ; Wilson v. Young, 9 Barr 101 ; Power v. Power, 7 Watts 213 ; Bailey v. Stewart, 3 W. & S. 560 ; McGheehan v. Duffield, 5 Barr 500 ; Vynoir's Case, 8 Rep. 162. If the award is substantially defective, it may be set aside : Etter v. Edwards, 4 Watts 63. Unless an affidavit is filed with the agreement the judgment upon it is voidable : Wall v. Fife, 1 Wright 394.

*A. A. Hirst* (with whom was *W. L. Hirst*), for defendant in error.

The opinion of the court was delivered, January 19th 1874, by

MERCUR, J.—The parties, by writing filed March 7th 1871, agreed to refer all matters in controversy, in a pending suit, to three persons named, under the Act of 16th June 1836. They further agreed, that the submission should be made a rule of court, and that each party should be bound and concluded by the award of the referees, or of a majority of them, "without the right to appeal, file exception, or take out writ of error." It is claimed, however, that the award is invalid by reason of the omission to file the affidavit directed by the second section of said act. It is true, it was said in Wall's Administrators v. Fife, 1 Wright 394, that the agreement and submission are not entitled as a matter of right to be entered on the docket by the prothonotary without the affidavit. But neither this section nor the decision referred to ap-

[Shisler *v.* Keavy.]

plies to a submission and rule in a pending suit.    If either did so apply, the filing of the affidavit might be waived by the parties. Their subsequent written agreement, filed June 20th 1871, whereby they agreed that another person named be substituted as an arbitrator in the place of one of the former, who had declined to serve, was such a waiver that the absence of an affidavit cannot now be successfully interposed.    Besides, when the submission is in a pending action it is unnecessary expressly to stipulate that it be made a rule of court : McAdams' Executors *v.* Stillwell, 1 Harris 90 ; Buckman *v.* Davis, 4 Casey 211 ; Quay *v.* Westcott, 10 P. F. Smith 163 ; Summy *v.* Hiestand, 15 P. F. Smith 309.    Where there is an agreement to refer in an action pending, consent to make it a rule of court will be implied : Painter *v.* Kistler, 9 P. F. Smith 331.

The other ground urged against the validity of the award is the revocation of the submission.    The record shows that upon the same day on which the award was made and signed, the plaintiff in error filed a " withdrawal from rule of arbitration."    Which was first in point of time the record does not show.    That the withdrawal preceded the making of the award, the plaintiff in error sought to establish extrinsic to the record.    It is the province of the court below to take cognisance of and correct the errors not shown by the record, of the arbitrators, just as it would remedy those committed by a jury, on a motion for a new trial, and its decisions cannot be reviewed unless there be errors of law apparent upon the record itself : Kline *v.* Guthart, 2 Penna. R. 495 ; Sands *v.* Rolshouse, 3 Barr 457 ; Rogers *et al. v.* Playford, 2 Jones 181 ; Buckman *v.* Davis, 4 Casey 211.    The depositions or other evidence are no part of the record, and although they may be sent up with the record, should not be considered in this court : Browning *v.* McManus, 1 Whart. 177 ; Rogers *v.* Playford, *supra ;* Brown *v.* School Directors, 6 Harris 78 ; Dodds *v.* Dodds, 9 Barr 315. As the reasons given by the court for dismissing the exceptions constitute no part of the record, the opinion which was thereupon filed cannot be considered.    The parties agreed not " to appeal, file exception, or take out writ of error."    It was said, in Rogers *et al. v.* Playford, *supra,* there is no paramount reason of public policy forbidding an agreement that their decisions should be beyond the reach of further inquiry or revision.    Hence it was held if an agreement to submit a case to arbitration provide that the award shall be final and conclusive, and that neither party shall have a right to appeal or file exceptions to it, the parties are concluded by their agreement and have withdrawn from the court its power to rectify a mistake of fact on the part of the referees, on exceptions filed to their award : McCahan *v.* Reamey, 9 Casey 535, and cases there cited.

While the general power to revoke a submission is well settled,

[Shisler v. Keavy.]

yet after its execution it is beyond the dominion of either party, when the submission has assumed the form of a contract upon a sufficient consideration. Hence, a submission to a final reference in consideration of a discontinuance of proceedings in chancery for an account, was held to be irrevocable: McGheehan v. Duffield, 5 Barr 500.

The record shows that the hearing before the referees after they had met was twice adjourned upon the application of the plaintiff in error, before he attempted to revoke the submission. His alleged notice of revocation was given to one only of the referees. It was expressly ruled in Dickerson v. Rorke, 6 Casey 390, that when a submission is in writing, it cannot be revoked, except by a written instrument given to the arbitrators, or a majority of them.

The court below having dismissed the exceptions and entered judgment upon the award, we discover no such error as to require us to disturb it: Buckman v. Davis, *supra*.

Judgment affirmed.