## J. R. & J. P. BUCKWALTER v. A. RUSSELL.

ERROR TO THE COURT OF COMMON PLEAS OF CAMERON COUNTY.

Argued March 16, 1888—Decided April 2, 1888.

The power exercised by the court in setting aside or entering judgment upon an award, is analogous to that exercised in granting or refusing a new trial after a verdict. Being a supervisory control over proceedings in its presence or upon its records and largely discretionary, such action will not be disturbed unless error appears in the record.

A submission of matters in controversy was entered into under § 1, act of June 16, 1836, P. L. 717. An award of which the parties had knowledge was signed but withheld for formal modification. On a subsequent day of meeting to re-form the award, after the final terms were agreed upon but before they were reduced to writing, the defendants gave to the arbitrators a written notice of revocation. The award was signed, however, and filed, followed by exceptions thereto: *Held,*

1. That a notice of revocation to be effective must be served before an award has been agreed upon, and the fact that the award had not been reduced to writing in this case when the notice was served was immaterial.

2. That the court below could only relieve against the award for clear mistake or misconduct on the part of the arbitrators, and, as neither of these was made to appear, the exceptions were properly dismissed.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 40 January Term 1888, Sup. Ct.; court below, No 15 January Term 1887, C. P.

On May 15, 1886, differences existing between Allen Russell, on the one part, and John R. and J. P. Buckwalter, on the other, they made a submission in writing of all matters in controversy to the award of three arbitrators on that day selected, their submission to such award to be made a rule of the Court of Common Pleas, under the provisions of § 1, act of June 16, 1836, P. L. 717, and the proceedings to be without appeal.

On December 21, 1886, the arbitrators filed an award reciting that in pursuance of the submission they had " met on May

24, 1886, and heard the parties and made careful consideration of all the controversies submitted to us. And on November 24, 1886, in pursuance of notice hereto annexed, met again at the place mentioned, the parties except J. P. Buckwalter being present, to correct any error and omissions in writing left out in findings and award which are as follows: " The award then proceeded to find that the conditions of a contract between the parties had been complied with; that a certain other contract provided for a deed from Russell, which had been duly acknowledged and tendered, and that certain notes should be given him, the dates and amounts of which were determined; that under said last mentioned contract Russell should be paid by the Buckwalters $7,900 in a certain manner and at certain times including the notes above mentioned and upon the amount due from them, the Buckwalters were entitled to a certain credit of $215.29.

Within the time allowed therefor by the rule granted, the defendants filed exceptions, in substance, that

1. The submission was revoked by the defendants in writing before the award was made.[1]

2. The arbitrators mistook the law in that they refused to take notice of an assignment to Lewis Emery, Jr., of $3,000 of plaintiff's claim made before the submission, $1,300 of which had been paid by defendants to said Emery.[2]

3. The arbitrators made a mistake in law by ignoring an attachment of the defendants as garnishees of the plaintiff in a court of competent jurisdiction in Kentucky.[3]

4. The arbitrators had ignored the defendants' undisputed testimony that $1,300 of the plaintiff's claim had been paid.[4]

5, 6. The arbitrators had no authority in law or fact to make any award against defendants.[5] [6]

7. The plaintiff misconducted himself before the arbitrators in a specified respect.[7]

8. The arbitrators made a mistake in pronouncing the deed from the plaintiff to be a good and sufficient deed, when in truth, etc.[8]

Depositions of witnesses were then taken upon rule, from which it appeared that on November 24, 1886, J. R. Buckwalter on behalf of the defendants gave a written notice to the arbitrators that the defendants revoked and withdrew from the sub-

mission and would not be bound by any award made. It also appeared that an award had been made and signed by the arbitrators on May 24, 1886, and the defendants had knowledge of it; that on account of some informalities, this award was not filed, and the arbitrators again met on November 24, 1886, for the correction of the award, and it was admitted that when the notice of revocation was served, the terms of the final award had been agreed upon but it had not been reduced to writing.

At the hearing on September 7, 1886, the court, MAYER, P. J., ruled as follows:

The first exception cannot be sustained. There are several exceptions to the rule that a submission to referees or arbitrators can be revoked at any time before award. One of these is, that if the submission be made a rule of court, it is not revocable by the act of a party.

It was formerly held that a submission, being a mere authority, was revocable, although expressed in the agreement, of submission to be irrevocable. This rule was based on the authority of the early English cases. But it is now held otherwise in England and the weight of authority in this country is the other way: Dexter v. Young, 40 N. H. 130 ; Tyson v. Robinson, 3 Wend. 333; Haskell v. Whitney, 12 Mass. 47 ; Cumberland v. North Yarmouth, 4 Green 463; Bray v. English, 1 Conn. 498; Ferris v. Munn, 2 Zab. 161. But if the rule was otherwise, we are of the opinion that the revocation was too late. All the arbitrators concur in testifying that when they received notice of the revocation, they had agreed upon the award, which was afterwards written out and signed. "A submission may be revoked, at any time before the arbitrators have agreed upon an award:" Huston v. Clark, 9 W. N. 316.

The fifth, sixth and seventh exceptions may be dismissed. The first two of these are too general and indefinite and there is not sufficient evidence to sustain the seventh.

The third exception is not tenable. The pendency of the attachment in the court of Kentucky does not prevent the recovery of a judgment against the garnishee: Hampton v. Laverty, 1 W. N. 49 ; Shiedt v. Laverty, 1 W. N. 62; Brown v. Scott, 51 Pa. 357. .

Opinion of Court below.

As to the eighth exception, the court can control the award when it becomes a judgment, and determine what would be a good and sufficient deed for the premises sold under the agreement.

The second and third exceptions may be considered together. It is not correct in point of fact, nor does the evidence sustain the allegation that the plaintiff had assigned his claim to Lewis Emery, Jr. On November 28, 1885, the plaintiff, Allen Russell, drew an order in favor of Lewis Emery, Jr., for the sum of three thousand dollars, but the evidence does not show that it was ever accepted in writing, and under the act of assembly of May 10, 1881, P. L. 17, there would be no liability on the part of the defendants. But it is claimed that a partial payment of thirteen hundred dollars has been made upon the order. The evidence to show this payment is not very clear and definite. If the payment was made, credit for it should have been allowed by the arbitrators. If such payment was not made before the arbitrators made their award, then it was proper not to allow the credit. We have concluded to refer the cause back to the arbitrators, with directions to ascertain whether the payment of thirteen hundred dollars was made by defendants upon the order of November 28, 1885. If it was, then to deduct it from their award. If it was not made, then to allow their award as made to stand.

The plaintiff then filed a paper stating that since the evidence in the case was taken he had learned of the payment by the defendants of $1,300 on the order drawn on May 28, 1885, in favor of Lewis Emery, Jr., for $3,000, and agreeing that said payment might be credited as of the date of the award. Thereupon the court entered the credit, modified the award accordingly and directed judgment to be entered thereon in favor of the plaintiff for $6,384.71, payable as follows: $3,905.71 to H. L. Stone, executor and trustee, the balance, to wit, $2,479, in two notes each for $1,239.50, one payable in one year and one in eighteen months, with interest from January 2, 1886.[9] Judgment being entered the defendants took this writ assigning as error:

1–8. The dismissal of the defendants' exceptions.[1 to 8]

9. The order directing the entry of judgment.[9]

*Mr. H. C. Parsons* and *Mr. J. C. Parsons* for the plaintiff in error:

The agreement of submission was without consideration; no suit was pending when it was entered into; no legal proceedings were stayed or relinquished and no means of redress abandoned, and the revocation left the parties as the original submission found them. Until the award was filed it was clearly a matter in pais and revocable by either party, but before the award was reduced to writing it was revoked by notice in writing. The award was therefore void: Power v. Power, 7 W. 213; McGheehen v. Duffield, 5 Pa. 497; Paist v. Caldwell, 75 Pa. 166; Johnson v. Andress, 5 Phila. 8; Keavy v. Shisler, 8 Phila. 54, affirmed in 75 Pa. 79.

2. Under § 6, of the act of June 16, 1836, an award made according to the submission, being approved by the court and entered, becomes as available in law as the verdict of a jury, and judgment being entered thereon, process is had as on a verdict in an action. The award, therefore, can be no better or higher, nor can it be broader or larger than the verdict of a jury. Yet the award in this case is in effect the decree of a chancellor. Both the award and judgment were such that they cannot be enforced by ordinary process: Shoemaker v. Meyer, 4 S. & R. 455; Coleman v. Lukens, 4 Wh. 347.

*Mr. T. C. Hipple* and *Mr. B. W. Green* for the defendant in error:

1. The weight of authority is, that if the submission be made a rule of court, it is not revocable by the act of a party. The dictum of GIBSON, C. J., in Power v. Power, 7 W. 205, is founded on early English cases holding submissions revocable whether made by parol, by deed, or by rule of court. The law is now clearly otherwise in this country: Dexter v. Young, 4 N. H. 130; Tyson v. Robinson, 3 Wend. 333; Haskell v. Whitney, 12 Mass. 47; Cumberland v. North Yarmouth, 4 Greenl. 463; Bray v. English, 1 Conn. 498; Ferris v. Munn, 2 Zab. 161; Oxley v. Oldden, 1 Dall. 430; Ruston v. Dunwoody, 1 Binn. 42.

2. There is positive evidence that the defendants knew the conclusion at which the arbitrators had arrived before they attempted to revoke the submission. The right to revoke did

not exist in this case: Mitchell v. Newman, 4 Penny. 448; Shisley v. Keavy, 75 Pa. 83. The slightest consideration, such as the continuance of the trial of a cause, is enough to render a submission irrevocable: Williams v. Tracey, 95 Pa. 308; Lewis's App., 91 Pa. 359. Besides, as the submission was under seal, so should have been the revocation: Morse, Arb. and A., 232; Howard v. Cooper, 1 Hill 44; Relyea v. Ramsey, 2 Wend. 602; Brown v. Leavitt, 26 Me. 251.

3. The award and judgment are perfectly plain and enforceable: Wilson v. Brown, 82 Pa. 437; Wightman v. Pettis, 29 Pa. 283; Bemus v. Quiggle, 7 W. 362. Even if unenforceable by execution process, the judgment will stand as the foundation for an action of debt: Skillings v. Coolidge, 14 Mass. 43; Commonwealth v. Peppsicut Proprietors, 7 Mass. 399; Kunkle v. Kunkle, 1 Dall. 364; Speer v. Bidwell, 44 Pa. 23; Bingham's Trustees v. Guthrie, 19 Pa. 423.

OPINION, MR. JUSTICE WILLIAMS:

This was an amicable submission of differences to the decision of three arbitrators under the provisions of the act of 1836. There was no suit pending at the time, but the agreement provided that the submission should be made a rule of the court of Common Pleas of Cameron county. It also provided that the case should be heard and decided upon the testimony of the parties, without other witnesses, without the intervention of attorneys and without appeal by the parties.

The arbitrators met on the 24th of May, 1886, heard the statements of the parties, made an award, reduced it to writing, and signed it on the same day. The parties had knowledge of the fact that an award had been made, and soon after Buckwalter saw and read it. It was not filed because it was regarded as wanting in some matters of form, but was retained by the arbitrators with a view to getting together to correct the supposed defects in form. Meantime, Buckwalter claimed that he should be allowed some further credit, and applied to the arbitrators for leave to make this claim before them while the award was yet under their control. On the 24th November, 1886, a meeting of the arbitrators was held, the award was corrected and the statement of Buckwalter in support of his claim to additional credit heard and the credit allowed. At

this point a notice of revocation was served upon the arbitrators by Buckwalter, but they signed the corrected award and it was subsequently filed in the Court of Common Pleas. Exceptions were filed alleging defects in the form of the award and a revocation of the power of the arbitrators. These were dismissed by the court below and judgment entered on the award, and this action of the court is assigned for error.

As a general rule it may be said that the power thus exercised by the court in setting an award aside or entering judgment upon it is analogous to that exercised in granting or refusing a new trial after a verdict. It is a supervisory control over the proceedings in its presence or upon its records, and is largely discretionary. Such action should not be disturbed unless error appears in the record: Shisler v. Keavy, 75 Pa. 82; Rogers et al. v. Playford, 12 Pa. 181. In this case the parties organized their own tribunal, provided their own code of procedure and agreed to be bound by the result. There is no consideration of public policy forbidding such an agreement, nor any reason why it should not bind those who enter into it: McCahan v. Reamey, 33 Pa. 535. The court below could only relieve against such an award for clear mistake or for misconduct on the part of the arbitrators, and as neither of these was made to appear the exceptions were properly dismissed.

But it is alleged that the submission was revoked by Buckwalter before the corrected award was signed and that it was for that reason a nullity. The facts appear to be that the award was really made on May 24, 1886, after the parties were heard, that it was written out and signed, and that the parties had knowledge both of the fact that the award was made and of its character. The subsequent delay was not for deliberation upon the character of the award, but for the correction of some supposed defects of form. The meeting of the arbitrators in November was not for the purpose of re-hearing or re-opening the case, but for the preparation of a better form for their award, and to hear Buckwalter's claim to an additional credit. A notice of revocation, served at this time, came too late. In Mitchell v. Neuman, 4 Penny. 443, the revocation was served after the case had been heard, but before the award was announced, and it was held to be too late. In

McGheehen v. Duffield, 5 Pa. 407–500, an award had been sent back for correction by the court, and the notice of revocation was served before the corrected award was made, but this also was held too late. In Shisler v. Keavy, 75 Pa. 79, the notice of revocation was served on the same day on which the award was made, but whether the award or the revocation was first in time, did not appear. The plaintiff sought to show that the revocation was first, but this court declined to look into the depositions. The rule in Pennslyvania seems to be that a notice of revocation to be effective must be served before an award has been agreed upon. While the case is in progress either party may revoke, but where the trial has concluded and the arbitrators have agreed substantially upon their award it is too late. The arbitrators have then discharged the duty put upon them by the parties and nothing remains but to reduce their conclusion to form. A party ought not to be permitted to take the chances of a trial and when he finds an award is to be made against him, revoke the power of the arbitrators. The fact that the award has not been reduced to writing is immaterial. Like a verdict, it may be put in form after its character has been decided upon.

The revocation in this case was too late. After an award was made on May 24th, the power to revoke was gone. There was no general re-opening of the case after that date, and Buckwalter was made aware of the character of the award soon after. The allowance of a credit to him at his request by the arbitrators, made the award more favorable to him but it gave him no right of revocation. It did not change the character of their finding or of the basis on which it had been made, but adhering to both it gave him an additional credit. The ruling of the learned judge of the court below was right.

Judgment affirmed.