Opinion by
Porter, J.,
The plaintiff brought this action upon a policy of insurance issued by the defendant company upon a stock of merchandise, alleging in his statement that the property had been damaged by fire to the amount of $7,116.10; that the total insurance aggregated $6,500, and that he was entitled to recover of the defendant company the full amount of its policy, viz.: $1,500. The insurance company filed an affidavit of defense admitting the validity of the policy and that upon the occurrence of the fire it became liable for the proportion of the loss sustained which this policy bore to the total insurance ($6,500), if the plaintiff had taken the steps to enforce that liability which the covenants of the policy required. The affidavit denied, however, that the total loss sustained by plaintiff was $7,116.10 and averred that the total loss at a fair and reasonable market cash valuation of the property w.as $3,451.73 and that the defendant’s proportion of that loss was three-thirteenths, to wit, $796.55. The affidavit further averred that the plaintiff was not entitled to recover any amount in this action for the following reasons. The policy contained a provision that in case of loss or damage the same should be “ascertained or estimated according to such actual market cash value .... said ascertainment or estimate shall be made by the insured and this company, or if they differ, then by appraisers, as hereinafter provided. ... In the event of a disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent disinterested appraisers, the insured and this company each *449 selecting one and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss. ... No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements; unless commenced within twelve months after the fire.” The affidavit averred that a dispute had arisen between the parties as to the amount of the loss and that defendant had requested an appraisement thereof in accordance with terms and covenants of the policy above quoted and had appointed an appraiser and notified the plaintiff of that fact, but that plaintiff had refused to select an appraiser, had persisted in refusing to participate in any appraisement as provided for in the policy and after such refusal had brought this action without any appraisement having been made. The affidavit averred that the action had for this reason been prematurely brought and that the' plaintiff was not entitled to recover. The court below made absolute a rule for judgment for the sum of $796.55, with interest, holding the affidavit of defense insufficient as to that part of the claim. The defendant appeals from that judgment.
The sole question in the case is whether the plaintiff was required, before bringing his action, to submit the matter in dispute to the determination of appraisers in the manner specified in the policy. The question is not a new one and it has been authoritatively settled adversely to the contention of the appellant. The policies of insurance which were involved in Commercial Union Assurance Co. v. Hocking, 115 Pa. 407, and Howard Insurance Co. v. Hocking, 115 Pa. 415, contained covenants substantially, if not precisely similar, to those of the present policy above quoted, and the plaintiff had brought his actions on the policies without having first caused the *450 amount of the loss to be ascertained by an appraisement, and the Supreme Court sustained his right to do so. In the last case cited the second assignment of error raised the identical question with which we are here dealing; the defendant had at the trial requested the court to charge, “that by the terms of the policy no action can be brought unless the amount of the loss was fixed either by mutual agreement of the parties or by an appraisal according to the requirements of the policy; and as the amount was not so fixed in either of these ways before suit was brought, there can be no recovery by the plaintiff, and the verdict must be for the defendant.” This point the court refused, which action was assigned for error, and the Supreme Court refused to sustain the assignment. In the case first cited Mr. Justice Clark, who spoke for the court, said: “It is undoubtedly true, when the parties to an executory contract agree, that all questions of difference or dispute, which may arise between them in reference thereto, or that the amount of any claim arising therefrom shall be first submitted to the arbitrament of a single individual, or tribunal named, they are bound by their contract, and cannot seek redress elsewhere, until the arbiter agreed upon has been discharged, either by the rendition of an award, or, otherwise; .... But it is equally true, that where the agreement in question does not provide for submitting matters in dispute to any particular person or tribunal named, but to one or more persons to be mutually chosen by the parties, it is revocable by either party; and such a provision is not adequate to oust the jurisdiction of the courts having cognizance of the subject-matter of the dispute. . . . The applicability of this principle to the case in hand is not disturbed by the further special provision of the policy, that no suit or action against this company shall be sustainable in any court of law or chancery till after the award shall have been filed, fixing the amount of such claim.” The cases above cited were followed by Yost v. Insurance Co., 179 Pa. 381, and in Penn Plate Glass Co. v. Insurance Co., 189 Pa. 255, Mr. *451 Justice Mitchell said, in the case last cited, “But it has been held that the condition of the policy as to appraisement before suit is in substance no more than an undertaking to refer to arbitrators to be chosen in the future, and therefore revocable. Suit by the insured without preliminary appraisement has been sustained because the agreement being revocable could not bind it.” The same conclusion was reached in Needy v. Insurance Co., 197 Pa. 460, in which case the covenants of the policy relied upon by the insurance company, to defeat any right of action of the assured until after the appraisement had been made, were in the very words of the policy involved in the present case. The court in that case sustained the right of the plaintiff to bring an action without resorting to an appraisement, held the covenant of the policy providing for an appraisement to be revocable, and said that the bringing of suit upon the policy was an effectual revocation.
The appellant argues that the authority of the decisions above cited has been shaken by the decision of the Supreme Court in Fritz v. British-American Assurance Co., 208 Pa. 268, but we cannot hold that contention to be well founded. In the case cited the parties had actually agreed upon appraisers, who had entered upon the discharge of their duties and having consumed much time had failed to agree. This had delayed the plaintiff in bringing his action and, as under another covenant of the policy it was stipulated that there could be no recovery unless an action was brought within one year after the fire, the insurance company asserted that the plaintiff had forfeited his right to recover. The Supreme Court held that the right to maintain the action remained in abeyance during the proceedings before the arbitrators, and that, in these circumstances, the plaintiff was not required to bring his action until the arbitrators had filed their award, or the arbitration had been abandoned. In that case the parties had acted upon the covenant, and the question of their right to revoke it was not involved.
The judgment is affirmed.