## Dudzinski *v.* Great American Insurance Company of New York, Appellant.

*Insurance—Fire insurance—Reference to appraisers—Revocable—Covenant—Action at law.*

A covenant in a fire insurance policy that, in the event of any disagreement as to loss, each party shall, on written demand of either, select a disinterested appraiser is revocable, and the insured may bring an action at law on the policy.

Where the stipulation for an appraisal did not provide for the submission of the matters in dispute to any particular persons or tribunal named therein, it was revocable at the instance of either party, and the bringing of the suit was a revocation by the plaintiff.

Argued March 8, 1927. Appeal No. 1, February T., 1927, by defendant from judgment of C. P. Lackawanna County, November T., 1925, No. 189, in the case of Ludwig Dudzinski v. Great American Ins. Company of New York. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on policy of insurance. Before NEW-COMB, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $800.00, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the Court, answers to points, and refusal of motion for non-suit.

*H. W. Mumford,* and with him *H. C. McGrath,* for appellant.

*Harry Needle,* and with him *Knapp, O'Malley, Hill & Harris,* for appellee.

OPINION BY CUNNINGHAM, J., April 22, 1927:

Plaintiff was the holder of defendant's fire insurance policy in the standard form prescribed by the Act of June 8, 1915, P. L. 919, and sustained a loss by a fire which occurred while the policy was in force. The policy contained, inter alia, the following provision: "In case the insured and this Company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. ...... The appraisers shall then appraise the loss and damage stating separately sound value and loss or damage to each item ......" Defendant made a written demand for an appraisement and named its appraiser. Plaintiff refused in writing to select an appraiser and brought suit on the policy. At the trial plaintiff offered the pleadings and the policy, introduced evidence of the amount of his loss, admitted that defendant had demanded an appraisement and that he had declined to join therein and rested. Defendant then moved for a non-suit upon the ground that the policy provided that no suit or action for the recovery of any claim thereunder should "be sustainable ...... unless all the requirements [thereof] ...... shall have been complied with ......" and that in refusing to join in an appraisement the plaintiff had failed to comply with one of the requirements of the policy. The learned trial judge overruled the motion and defendant then submitted two points for charge, both of which requested binding instructions in favor of the defendant upon the grounds urged in support of the motion for a non-suit.

These points were refused and the question of the amount of the loss submitted to the jury. Plaintiff recovered a verdict in the sum of $800, upon which judgment was entered, and defendant has appealed therefrom. The refusal to give binding instructions for defendant was placed upon the ground that, as the stipulation for an appraisal did not provide for the submission of the matters in dispute to any particular persons named therein, it was revocable at the instance of either party, and that the bringing of the suit was a revocation by the plaintiff.

The only question raised by the assignments of error is whether the trial judge erred in these rulings. If the above quoted arbitration clause was revocable at the election of the plaintiff no error was committed. It is frankly conceded by the learned counsel for appellant that the provision in question was not binding upon the insurance company but it is contended that the insured was so bound thereby that the present action is not "sustainable." This concession with respect to revocability at the instance of the company was made in view of the decision of our Supreme Court in Gratz v. Insurance Company of North America, 282 Pa. 224. The broad ground for the conclusion reached in the case cited is stated at page 232 in this language: "The provisions in contracts of insurance as to appraisal have been construed by us as not compulsory and binding upon the parties to the contract on demand of either of them; until acted upon, such an agreement is revocable (Mentz v. Armenia Ins. Co., 79 Pa. 478; Penn Plate Glass Co. v. Spring Garden Ins. Co., 189 Pa. 255), and by their enactment [in the Act of June 8, 1915, supra,] the Legislature did not provide other wise." It is true that later in the opinion at page 234, the writer thereof said: "Refusal to comply with a demand for an appraisal by the company, does not now, any more than before the statute, work an estop-

pel against it to contest and establish the loss by competent evidence. The only effect of the refusal is that it enables the insured to forthwith sue on the policy. While the contract in the form prescribed by the statute provides that 'No suit or action ....... shall be sustainable ...... unless the *claimant* shall show compliance with all the requirements of this policy,' it is of much weight in construing the clause with which we are dealing, that it is silent on the subject of the company's being bereft of defenses as to the amount of the loss in the event of its failure to acquiesce in an arbitration of the amount of it." This is the language upon which the learned counsel for appellant rely for the distinction which they seek to draw between the right of the insured to revoke the provision for an appraisal as compared with the right of the company. But it must be remembered that the Supreme Court was then dealing only with the revocation rights of the company and all that was actually decided in the case under discussion was that a fire insurance company had the right to refuse to comply with a demand on the part of the insured for an appraisal notwithstanding the provisions of the Act of 1915. What was said with respect to the rights of the insured was said by way of illustration and for the purpose of reenforcing the conclusion reached with respect to the company's rights. At page 232 of the opinion it is directly and positively stated that the provision with respect to the appointment of appraisers had been construed by the Supreme Court prior to the Act of 1915 "as not compulsory and binding upon the parties to the contract *on demand of either of them.*" The utmost that can be said relative to any distinction between the right of the insured and of the company to decline to enter into an appraisal, and the effect of such declination, is that under certain circumstances the company might possibly be entitled to raise in limine the question whether an action had been prematurely brought.

In Penn Plate Glass Co. v. Spring Garden Ins. Co., 189 Pa. 255, Mr. Justice MITCHELL, referring to the provision that no action shall be brought on the policy until after compliance with all its requirements, among which is that relating to appraisers, said: "Such appraisement or the effort to have it would be at the most a condition precedent to an action by the insured, and the failure to have it a ground for a plea in abatement by the company;" but added that refusal on the part of the company to join in the appointment of appraisers or denial of liability altogether, either or both, would estop it from such a plea. Prior to the Practice Act of May 14, 1915, P. L. 483, abolishing pleas in abatement, an allegation that a suit was prematurely brought was properly made by a plea in abatement and not in bar, and such allegation is now permitted to be made in the affidavit of defense. In this case there is no admission in the affidavit of defense of any liability and the only averment therein with respect to the matter under discussion is that "the plaintiff by refusing to appoint a disinterested and competent appraiser and by refusing to enter into an appraisement has failed to comply with all the requirements of the said policy." No attempt was made to raise preliminarily any question with respect to the prematurity of this suit and, as the affidavit of defense amounts substantially to a denial of liability, the only possible distinction between the rights of the parties with respect to revoking the provision for an appraisal disappears from the case. Moreover, this court held prior to 1915 that the provision for the appointment of appraisers may be revoked at the instance of the insured and suit brought upon the policy without taking any steps looking toward the appointment of appraisers. Rubenstein v. Dixie Fire Insurance Company, 51 Pa. Superior Ct. 447, decided in 1912, was a case in which the question involved was exactly the same as the issue

here presented and in which the provisions of the policy relied upon by the present appellant were there invoked by the insurance company. By the affidavit of defense in the case cited it was averred that the action had been prematurely brought because the plaintiff had refused to join in the appraisement. In that case this court held that as the arbitration clause does not provide for submitting matters in dispute to any particular person or tribunal named, but to one or more persons to be mutually chosen by the parties, it is revocable by either party; that such a provision is not sufficient to oust the jurisdiction of the courts having cognizance of the subject matter of the dispute; and that the bringing of suit upon the policy was an effectual revocation.

The assignments of error are overruled and the judgment is affirmed.