Robinson, Appellant, *v.* Lumbermen's Mutual Casualty Company.

Argued March 16, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Carl A. Belin,* for appellant, cited: Pittsburgh Union Stock Yards Co. v. Pittsburgh Joint Stock Yards Co., 309 Pa. 314; Katakura v. Vogue Silk Hosiery Co., 307 Pa. 544; Phoenix Ins. Co. v. Everfresh Food Co., 294 Fed. 51.

*W. Wallace Smith,* and with him *John C. Arnold,* for appellee, cited: Shisler v. Keavy, 75 Pa. 79; Buckwalter v. Russell, 119 Pa. 495; Mentz v. Armenia Fire Ins. Co., 79 Pa. 479; and Dudzinski v. Great American Ins. Co., 90 Pa. Superior Ct. 540.

OPINION BY KELLER, J., October 2, 1933:

The insurance policy sued upon contained, in accordance with the Act of May 17, 1921, P. L. 682, Sec. 523, p. 738, the following provision relative to appraisal of loss or damage: "In the event that the assured and this company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen (15) days to agree upon such umpire then, on request of the assured or this company, such umpire shall be selected by a judge of a court of record in the county and state in which the property insured was located at time of loss. The appraisers shall then appraise the loss and damage, stating separately sound value and loss or damage to each item; and failing to agree, shall submit their differences only to the

umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of sound value and loss or damage. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.''

Acting thereunder the parties on April 18, 1932 signed an "appraisal agreement" in which Frank Leipold and Ole Olsen were named as appraisers for the insured and the insurance company, respectively, "pursuant to the terms and conditions of the policy." Under the provision of the policy above quoted the first duty of the appraisers was to select a competent and disinterested umpire. This they failed to do within fifteen days thereafter and on May 19, 1932 the Honorable A. R. CHASE, President Judge of Clearfield County, on the petition of the plaintiff asking for the appointment of an umpire, of which no notice was given the defendant, appointed Kelly D. Bloom such umpire. On May 21, 1932, before there had been any meeting of the appraisers to consider and appraise the sound value of the insured property at the time of the fire and the loss or damage resulting therefrom, the defendant, on being notified of the appointment by Judge CHASE of Kelly D. Bloom as umpire, notified the plaintiff, his appraiser, Leipold, and the umpire, Bloom, that it withdrew from said appraisal proceedings and revoked the appointment of Olsen as its appraiser and that any attempt to hold appraisal proceedings on said claim would be without its consent.

Notwithstanding this notice of revocation plaintiff's appraiser Leipold and the umpire Bloom proceeded to hold an appraisal and made an "award" on June 29, 1932, finding the sound value of the insured property to be $2,000 and the loss or damage $1,632.20.

The plaintiff on the trial of the case offered no other

evidence of the loss or damage suffered by him than this "award."

The court below ruled that the defendant company had the legal right to revoke and withdraw from the appraisal proceedings; that having done so prior to any consideration by the appraisers of the questions of sound value and loss or damage, an appraisal thereafter by the other appraiser and the umpire appointed by Judge CHASE was of no effect to bind the defendant. As there was no evidence of loss or damage other than the so-called award, a verdict was directed for the defendant, on which judgment was later entered. The plaintiff appealed.

This appraisal was not an arbitration as contemplated under the Act of April 25, 1927, P. L. 381. The plaintiff did not follow the procedure provided therein: Isaac v. D. and C. Mutual F. Ins. Co., 301 Pa. 351, 357, 152 Atl. 95. The appraisal agreement was in accordance with the provision of the standard fire insurance policy contained in the Act of 1921, supra. The appraisers were not appointed to decide all matters at variance between the parties arising under the policy, but merely to fix the amount of loss or damage. There is no provision in the agreement that judgment may be entered on the award. It settles but one thing, and any other defense such as forfeiture, non-compliance with requirements in proving the loss, etc., remain open. The appraisal agreement signed by the parties expressly provides that the appraisement shall not "operate as a waiver of the conditions of the policy, or any forfeiture or proof of loss." If the appraisal has been made with the assent of both parties, the question of the amount of the loss is settled, but whether the company is required to pay it is another matter. The plaintiff's action would have to be on the policy, with the award or finding of the appraisers as conclusive evidence of damages; not on such award

or finding as an award of arbitrators. Hence the rule of court of Clearfield County respecting exceptions to awards in arbitrations had nothing to do with the case. It refers to arbitrations which decide the controversy, not to appraisals which only fix the amount of loss, but do not pass on the right of recovery.

It has been the settled law of this State for many years that such an appraisal agreement contained in an insurance policy is revocable, by either party, until acted upon: Yost v. McKee, 179 Pa. 381, 36 Atl. 317; Penn Plate Glass Co. v. Spring Garden Insurance Co., 189 Pa. 255, 42 Atl. 138; Gratz v. Insurance Co. of North America, 282 Pa. 224, 127 Atl. 620; Dudzinski v. Great American Ins. Co. of New York, 90 Pa. Superior Ct. 540; Rubenstein v. Dixie Fire Ins. Co., 51 Pa. Superior Ct. 447; Seibel v. Firemens Ins. Co., 24 Pa. Superior Ct. 154; Needy v. Great American Ins. Co., 197 Pa. 460, 464, 47 Atl. 739. In Penn Plate Glass Co. v. Spring Garden Ins. Co., supra, the Supreme Court said, speaking through Mr. Justice MITCHELL: "The policy provides that, in case of disagreement as to the amount of loss, it shall be ascertained by appraisers, and further that no action shall be brought on the policy until after compliance with all its requirements, among which is that relating to appraisers. Such appraisement or the effort to have it would be at the most a condition precedent to an action by the insured, and the failure to have it a ground for a plea in abatement by the company. Refusal to join in the appointment of appraisers, or denial of liability altogether, either or both, would estop the defendant from such a plea, but it could go no further ...... If the defendant company omits or refuses to join in an appraisement, its rights cannot be prejudiced thereby, and it certainly cannot be estopped by a denial of liability from requiring that if its liability is established, the amount of it shall be proved by competent evidence."

In Gratz v. Ins. Co. of North America, supra, the Supreme Court speaking through Mr. Justice SCHAFFER said: "The provisions in contracts of insurance as to appraisal have been construed by us as not compulsory and binding upon the parties to the contract on demand of either of them; until acted upon, such an agreement is revocable ...... When the legislature, therefore, provided in the form of the policy that it should contain a clause providing for appraisal, it did so with the knowledge that the agreement to appraise, if not acted upon, was revocable, and therefore it cannot now be maintained that the requirement to do so was a positive mandate of the law, no change in such rule having been made in the act. Statutes are not presumed to make any change in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions. [Citing cases.] Refusal to comply with a demand for an appraisal by the company, does not now, any more than before the statute, work an estoppel against it to contest and establish the loss by competent evidence. The only effect of the refusal is that it enables the insured to forthwith sue on the policy." And by "acted upon," is meant until the appraisement is held, or, at least, practically completed: Needy v. Great American Ins. Co., supra; Seibel v. Firemens Ins. Co., supra. In both of those cases, the appraisal agreement was revoked after appraisers had been appointed, but before appraisement made. Even a true arbitration of a controversy between parties, —(at least prior to the Act of April 25, 1927, supra)—was revocable by either of them at any time before the award was made: McKenna v. Lyle, 155 Pa. 599, 26 Atl. 777; McCune v. Lytle, 197 Pa. 404, 411, 47 Atl. 190; Buckwalter v. Russell, 119 Pa. 495, 13 Atl. 310; or the arbitration practically completed: Pittsburgh Union Stock Yards v. Pitts. Joint Stock Yards Co., 309 Pa. 314, 163 Atl.

668; unless the submission to arbitration was part of an agreement containing other terms to be performed by the parties: McKenna v. Lyle, supra; or partook of the nature of a contract whereby important rights were gained and lost reciprocally, and the submission was the moving consideration of these acts: Zehner v. Lehigh Coal & Navigation Co., 187 Pa. 487, 491, 41 Atl. 464; McCune v. Lytle, supra.

The agreement for the appraisal in this case affected no contractual rights. It was nothing more than a mere naked submission of a single matter to appraisers. Refusal to agree to such an appraisal, or revocation of it, did not alter or have any effect on the respective contractual rights of the parties under the policy. The only effect of such a revocation was that it enabled the insured to sue forthwith on the policy: Gratz v. Insurance Co. of North America, supra. There is nothing in the foregoing which conflicts with the case of Fritz v. British America Assurance Co., 208 Pa. 268, 57 Atl. 573. The court there, in effect, recognized that there might be an abandonment or revocation of the appraisement prior to its completion. The parties had actually agreed upon appraisers, who had entered upon the discharge of their duties and having consumed much time had failed to agree. This had delayed the plaintiff in bringing his action and, as under another covenant of the policy it was stipulated that there could be no recovery unless action was brought within one year after the fire, the insurance company asserted that the plaintiff had forfeited his right to recover. The Supreme Court held that the right to maintain the action remained in abeyance during the proceedings before the arbitrators, and that, in these circumstances, the plaintiff was not required to bring his action until the arbitrators had filed their award, *or the arbitration had been abandoned*. See Rubenstein v. Dixie Fire Ins. Co., supra, p. 451.

It is to be noted that neither the provision of the policy above quoted nor the appraisal agreement entered into pursuant to it, constituted the umpire a general appraiser, but that he was only to pass upon such matters as the appraisers, after conferring together as to sound value and loss or damage, had been unable to agree upon; their *differences only* were to be submitted to him. It follows that if the appointment of one of the appraisers was revoked prior to any conferring together as to the loss sustained, and before any differences between the appraisers could be submitted to the umpire, there was nothing for the umpire to act upon.

On full consideration of the case we are of the opinion that the appraisal agreement was revocable prior to an award by the appraisers and the umpire, or any two of them, or a practical completion of the appraisement; that the defendant insurance company revoked the agreement before any steps had been taken by the appraisers to ascertain the sound value and the loss or damage respectively; that it had the legal right to do so; that such revocation had no effect on the contractual rights of the parties under the policy beyond permitting the insured to sue forthwith upon the policy and without waiting for the filing of an award by the appraisers; that, in the suit on the policy, plaintiff was bound to prove his loss or damage by substantive evidence; and that the so-called award of the one appraiser and the umpire who proceeded to act after the revocation of the appraisal agreement by the defendant was not competent evidence on which to base a verdict for the plaintiff; that as the plaintiff refused to present any other evidence of value and loss or damage the court was justified in directing a verdict for the defendant.

The assignments of error are overruled and the judgment is affirmed.