## Boll v. United States Fire Insurance Company of New York

*S. W. Swartz*, for plaintiff.

*Hause, Gawthrop, Evans & Storey*, for defendant.

WICKERSHAM, J., February 19, 1934.—The petition of Carrie W. Boll represents, inter alia, that she sustained a fire loss to her three-story brick house at 2029 North Second Street, Harrisburg, Pa.; that United States Fire Insurance Company of New York issued its policy insuring her said three-story brick house against loss or damage by fire for the period from March 30, 1933, to August 5, 1935; that the insurance company advised petitioner on June 27, 1933, of the appointment of Joseph W. Pomraning as its appraiser and demanded that the petitioner also appoint an appraiser; that the petitioner appointed as her appraiser Charles W. Strayer, both appraisers residing in the City of Harrisburg; that the said C. W. Strayer is competent and disinterested; that the two appraisers have not met or agreed upon an umpire because of the unwillingness of said fire insurance company to permit its appraiser, the said Joseph W. Pomraning, to do so unless the petitioner appoints someone else as her appraiser instead of the said Charles W. Strayer, assigning as its reason therefor that Charles W. Strayer is interested; that the petitioner has refused to appoint someone else in lieu of the said Charles W. Strayer as her appraiser. She prays that an order be made by the court selecting a competent and disinterested umpire in the appraisement of said loss or damage, as provided in the act of assembly and the terms of her fire insurance policy.

The defendant filed an answer in which it is alleged, inter alia, that the said Charles W. Strayer did examine the premises and did prepare an estimate of said loss in the amount of $4,074.02; that the respondent appointed W. S. Miller, a contractor, to examine the premises and prepare an estimate of the loss and damage, whose estimate was $2,162.64; that the said two parties, Strayer and Miller, conferred about this matter but were unable to reconcile their differences in said estimate. For this reason the defendant, in its answer, claims that Strayer is not a disinterested appraiser.

It is further alleged in the answer that the petition is premature and that this court is without jurisdiction to appoint an umpire, for the reason that under the facts set forth in paragraph 6 of the petition the said Charles W. Strayer and Joseph W. Pomraning have not entered into their duties as appraisers and they have not either met or attempted to select a competent and disinterested umpire; and that the court does not obtain jurisdiction to appoint said umpire until the appraisers have qualified and have attempted to select the umpire, and then failed for a period of 15 days to agree upon said umpire. It is further alleged in answer to the petition:

" . . . that if petitioner or any other interested in said policy persists in the selection of said Charles W. Strayer as the appraiser, and if this court or a judge thereof, should in this proceeding select an umpire as prayed for, then respondent will revoke its appointment of an appraiser and will revoke the demand for an appraisal and will refuse to enter into an appraisal."

The facts are admitted in the depositions taken and filed in this case November 8, 1933.

We are of opinion that we are without authority under the admitted facts to make the appointment of an umpire. The appraisers appointed by the plaintiff and defendant have not met, nor have they made any attempt to select an umpire themselves. This situation arises because of the insistence on the part of the defendant that Charles W. Strayer is not a disinterested person within the contemplation of the act of assembly and the provisions contained in the policy of insurance.

The provision in the policy of fire insurance, that in case of disagreement, the parties shall each appoint an appraiser, the appraisers shall appoint an umpire, and the three persons so selected shall pass upon the matter in dispute, is a revocable agreement, and the bringing of suit upon the policy by the insured is an effectual revocation on his part: Needy v. German American Ins. Co. of N. Y., 197 Pa. 460. An appraisal agreement is revocable by either insured or fire insurer until acted on; an appraisal provided for in a standard fire insurance policy is not arbitration, and appraisement merely operates as conclusive evidence of damages: Robinson v. Lumbermen's Mutual Casualty Co., 110 Pa. Superior Ct. 396. An appraisement under the standard policy, or a bona fide effort to join therein, is merely a condition precedent to an action of the insured: Chauvin v. Superior Fire Ins. Co., 283 Pa. 397; Gratz v. Insurance Company of North America, 282 Pa. 224.

It clearly appears from the stipulated facts, as contained in the depositions, that the appraisers appointed by the insured and insurer have never met. The insurance company would not allow its appraiser, Mr. Pomraning, to meet with Mr. Strayer for the reasons above given, therefore, as they have not met, no effort has been made by them to select an umpire. We think that until the appraisers meet and make an effort to appoint an umpire we have no jurisdiction to act.

It appearing from the answer that in the event we appoint an umpire "respondent will revoke its appointment of an appraiser and will revoke the

demand for an appraisal and will refuse to enter into an appraisal", the appointment of an umpire would be a vain thing. We conclude, therefore, (1) that we have no jurisdiction, for the reasons herein given, to appoint an umpire; and (2) to do so would be a vain thing. The prayer of the petitioner praying the court to select a competent and disinterested umpire in the appraisal of the loss or damage sustained by the petitioner must be refused.

And now, February 19, 1934, it is hereby ordered, adjudged, and decreed that the prayer of the petitioner for the appointment of an umpire is refused. Costs of these proceedings to be paid by the petitioner.

From Homer L. Kreider, Harrisburg, Pa.