## Hess v. Harleysville Mutual Casualty Co.

*Smith & Eves*, for plaintiffs.

*T. J. Evans*, for defendants.

KREISHER, P. J., February 11, 1957.—This matter comes before the court on defendants' preliminary objections to plaintiffs' complaint and defendants' answer thereto.

Plaintiffs instituted this action by complaint which reads in part as follows:

"Sheldon Hess and Theodore Cain, t/a Hess and Cain, Plaintiffs, bring this Action of Assumpsit against the Defendants in the above entitled case to recover the sum of nine hundred ($900) dollars, with interest from June 25, 1956.

First: The Plaintiffs, Sheldon Hess and Theodore Cain are partners, trading as Hess and Cain, and are engaged in the business of excavation and road building, having their principal place of business at R. D. #2, Bloomsburg, Pennsylvania.

"Second: The Defendants are Harleysville Mutual Casualty Company and Mutual Auto Fire Insurance Company, corporations organized and existing under the laws of the State of Pennsylvania.

"Third: The Plaintiffs at the time of the accident were the owners of an International Dump Truck which was insured by the Defendants under its Policy No. A-B58461, issued July 9, 1955. A copy of said policy is attached hereto, marked 'Exhibit A'.

"Fourth: On June 25, 1956, said truck was totally damaged in an accident on Route #11, near Hick's Ferry, Luzerne County, Pennsylvania.

"Fifth: On the date of the accident, the above mentioned policy was in full force and effect.

"Sixth: Written notice of the accident was given to the Defendants on the day following the accident.

"Seventh: The said policy of insurance provided in Paragraph E for the payment of actual cash value of said vehicle, less $250 deductible for damages.

"Eighth: On the day of the accident, the actual cash value of Plaintiffs' truck was $1300. Following the accident, the salvage value of said vehicle was $150.

"Ninth: The Plaintiffs demanded payment of the said sum of nine hundred ($900) dollars from the Defendants and such payment was refused."

Defendants' preliminary objections set forth the following:

"First: The Complaint and Exhibit thereto attached, fails to set forth when the International Dump Truck was purchased and from whom it was purchased.

"Second: That by reason of said deficiencies in the Complaint, it is difficult or impossible for the Defend-

ant to prepare a responsive pleading or to prepare for trial of the issue.

"Third: That the Complaint is not brought in the name of the real party in interest as set forth by their 'Exhibit A', as required by Rule 2002(a) 7, of the Rules of Civil Procedure. The real party in interest being Columbia Trust Company, Bloomsburg, Pennsylvania.

"Wherefore, The Defendants demand that the Plaintiff file a more specific Complaint or that the action in the above captioned matter be dismissed."

Plaintiffs' answer to said objections stated:

"1. The Plaintiffs, in their Complaint, alleged that they were the owners of a certain International dump truck which was insured by Defendants. This is an Action of Assumpsit on the contract of insurance and it is irrelevant and immaterial as to when and from whom Plaintiffs acquired title to the vehicle.

"2. The Complaint is complete in every respect and the specific information requested by Defendants in the first paragraph of the Preliminary Objections is irrelevant, immaterial and not needed by the Defendants in the preparation of their defense, the sole issue in the case being whether or not Defendants insured Plaintiffs' truck and the value of that truck at the date of its total destruction, neither of which facts are dependent upon date or source of acquisition.

"3. Defendants' allegation that the real party in interest is the Columbia Trust Company, Bloomsburg, Pa., is argumentative and false and if the Court determines this is a matter which can be properly raised by Preliminary Objection, proof of the falsity of the allegation will be supplied at the time of argument."

Plaintiffs' exhibit A, attached to the complaint, contains in addition to the contract of insurance the following endorsement dated July 15, 1955.

"Automobile                                    A  79a
Physical Damage                          (Ed. 4-55)

## ENDORSEMENT

"Attached to and forming part of Policy No. A-B5 84 61 issued in the name of

"SHELDON HESS & THEODORE CAIN T/A HESS & CAIN by MUTUAL AUTO FIRE INSURANCE COMPANY, Harleysville, Pa.

Effective Date of Endorsement JULY 9, 1955

Expiration Date of Policy JULY 9, 1956

Countersigned at CATAWISSA, PENNSYLVANIA this 15TH day of JULY, 1955

Endorsement No. 3

Charles  D.  Hamlin
Authorized  Representative

"It is hereby understood and agreed that Item I 'Name of Insured' is amended to read as follows:

Owner and Lessor
COLUMBIA TRUST COMPANY

Address          BLOOMSBURG, PENNSYLVANIA

and

Purchaser        SHELDON HESS & THEODORE CAIN
and Lessee       T/A HESS & CAIN
Address          R. D. #2, BLOOMSBURG, COLUMBIA
                 CO., PENNA.

"Nothing herein contained shall be held to vary alter waive or extend any of the Declarations, Agreements, Exclusions or Conditions of the abovementioned policy other than as above described."

And a Loss Payable Clause dated July 18, 1955, as follows:

"NAUA No. 51a—Edition, March, 1952
LOSS PAYABLE CLAUSE
(Pennsylvania Only)

"Loss or damage, if any, under the policy shall be payable as interest may appear to —————————

Lienholder

COLUMBIA TRUST COMPANY
BLOOMSBURG, PENNSYLVANIA
(Address)

and this insurance as to the interest of the Bailment Lessor, Conditional Vendor or Mortgagee or Assignee of Bailment Lessor, Conditional Vendor or Mortgagee (herein called the Lienholder) shall not be invalidated by any act or neglect of the Lessee, Mortgagor or Owner of the within described automobile nor by any change in the title or ownership of the property; provided however, that the conversion, embezzlement or secretion by the Lessee, Mortgagor or Purchaser in possession of the property insured under a bailment lease, conditional sale, mortgage or other encumbrance is not covered under such policy, unless specifically insured against and premium paid therefor; and provided, also, that in case the Lessee, Mortgagor or Owner shall neglect to pay any premium under such policy the Lienholder shall, on demand, pay the same.

"Provided also, that the Lienholder shall notify the company of any change of ownership or increase of hazard which shall come to the knowledge of said Lienholder and, unless permitted by such policy, it shall be noted thereon and the Lienholder shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise such policy shall be null and void.

"The company reserves the right to cancel such policy at any time as provided by its terms, but in such case the company shall notify the Lienholder when not less than ten days thereafter such cancellation shall be effective as to the interest of said Lienholder therein and the company shall have the right, on like notice, to cancel this agreement.

"If the insured fails to render proof of loss within the time granted in the policy conditions, such Lienholder shall do so within sixty days thereafter, in form and manner as provided by the policy, and, further, shall be subject to the provisions of the policy relating to appraisal and time of payment and of bringing suit.

"Whenever the company shall pay the Lienholder any sum for loss or damage under such policy and shall claim that, as to the Lessee, Mortgagor or Owner, no liability therefor existed, the company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the debt, or may at its option, pay to the Lienholder the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and all such other securities; but no subrogation shall impair the right of the Lienholder to recover the full amount of its claim.

"Whenever a payment of any nature becomes due under the policy, separate payment may be made to each party at interest provided the company protects the equity of all parties.

"This endorsement is subject to the declarations, conditions, and other terms of the policy which are not inconsistent herewith, and when countersigned by an authorized representative of the company, forms a part of the policy described below.

"Attached to and forming part of Policy No. A-B5 84 61 issued in the name of ————————————

SHELDON HESS AND THEODORE CAIN T/A HESS AND CAIN

Countersigned at CATAWISSA, PENNSYLVANIA this 18TH day of JULY, 1955.

End. No. 1

Charles D. Hamlin
Authorized Representative

"Effective day of Endorsement     JULY 9, 1955
"Expiration date of Policy     JULY 9, 1956

"This endorsement is executed by the Harleysville Mutual Casualty Company as respects insurance afforded by that Company only; it is executed by the Mutual Auto Fire Insurance Company as respects insurance afforded by that Company only.

"Attest:

(s) Ernest M. Delp
        Secretary

(s) Arthur A. Alderfer

Form A 903                          President."

Pennsylvania Rule of Civil Procedure 2002 provides:

"(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

"(2) is a person with whom or in whose name a contract has been made for the benefit of another.

(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise.

"(d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest."

Pennsylvania Rule of Civil Procedure 2227 provides:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

"(b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder."

Pennsylvania Rule of Civil Procedure 2302 provides:

"At any time during the pendency of an action, the court, of its own motion or upon petition of a defendant, may interplead the plaintiff and one or more claimants not parties of record. More than one claimant may be interpleaded."

Pennsylvania Rule of Civil Procedure 2303 provides:

"(a) The petition for interpleader shall allege

"(1) that a claimant not a party of record has made or is expected to make a demand upon the defendant as a result of which the defendant is or may be exposed to double or multiple liability to the plaintiff and to such claimant as to all or any part of the claim asserted by the plaintiff.

"(2) that the petition is filed in good faith and not in collusion with the plaintiff or any claimant.

"(3) the interest, if any, which the defendant claims in the money or property in controversy and whether he is able (or if not, the reasons therefor) to pay or deliver that part of the money or property as to which he claims no interest into court or to such person as the court may direct.

"(4) whether he has admitted the claim of, or subjected himself to independent liability to, the plaintiff or any claimant in respect to the subject matter of the action.

"(b) The petition shall be subscribed and verified.

"(c) The filing of the petition shall stay all proceedings in the action until the court has disposed of the petition."

In 2 Standard Pa. Practice 353, sec. 50, it is stated:

"The general rule, which is in force in Pennsylvania, both under the prior practice and under the Rules of Civil Procedure, is that where there are parties jointly interested in a contract—that is, where the contract is a joint one—all joint contractees or obligees who are living not only may but must join as parties plaintiff where action is brought to enforce the contract or rights arising out of it. Separate actions are not maintainable by the individual obligees. The underlying reason of the rule is that the plaintiff suing is not entitled to the whole recovery and knows who is joined in interest with him.

". . . An insurance policy is no exception to the general rule requiring joint contractees to join as parties plaintiff in an action on the contract."

The defense that plaintiff is not the real party in interest may be raised by preliminary objection: Bryfogle v. Fenstermaker, 1 D. & C. 2d 471.

The defense that plaintiff failed to join a necessary party may be raised by preliminary objections under Pa. R. C. P. 1017(b) 5.

A party who cannot give a valid discharge to an insurance company of its liability on the policy is not the real party in interest: Harrison Music Co. v. Colonial Underwriters, 103 Pitts. L. J. 469.

Taking into consideration the above quoted endorsement and loss payable clause in favor of the Columbia Trust Company, it would appear from the foregoing rules that the Columbia Trust Company is a necessary party to this action and defendants' third preliminary objection has merit.

Requiring the joinder of the assignee at this time will also avoid the possibility of the interpleader proceeding contemplated under Pa. R. C. P. 2303 at some later date.

In Pittsburgh Underwriters v. Mutual Life Insurance Company of New York, 149 Pa. Superior Ct. 554, on pages 557 and 558, it is stated:

"Whether tangible property or a human life is the subject of the insurance is immaterial. What determines the issue is not the nature of the interest of the beneficiaries in the thing insured but whether the interest of the parties in the policy are distinct. If written for the benefit of one alone, or if the interests of more than one are for specific definite amounts payable to each, the contract is several. But if for the benefit of two jointly 'as their interests may appear' or to one as 'its interest may appear' with the remainder to the estate of insured (which is the same thing), the contract is joint and both beneficiaries must join in one action to enforce it." See, also, Zirot v. Resolute Fire Ins. Co., 12 Beaver 89.

Therefore, unless the Columbia Trust Company assigns its interest in this policy to plaintiffs, said company must be joined, because as the matter now stands, it is impossible to determine what interest the respective parties have under the contract.

Without discussion we find no merit in the first and second objections as the contract speaks for itself; the requested information is a matter of evidence and need not be pleaded.

At the time of argument on said objections counsel for defendants filed a petition to stay all proceedings pending arbitration. At that time counsel agreed the court might dispose of said petition at this time.

It is alleged in the petition, inter alia, as follows:

"Third: One of the conditions of said policy as set forth in Paragraph 13, page 4 of the policy is, 'Appraisal-Coverages D, E, F, G, H, I and J. If the named insured and the company fail to agree as to the amount of loss, each shall, on the written demand of either,

made within sixty days after receipt of proof of loss by the company, select a competent and disinterested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, and failing for fifteen days to agree upon such umpire, then, on the request of the named insured or the company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The named insured and the company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.

"The Company shall not be held to have waived any of its rights by any act relating to appraisal.

Fourth: The Act of April 25, 1927, P. L. 381, sec. 2, as amended June 21, 1935, P. L. 400, sec. 2, provides as follows:

" 'If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties made before the suit or proceeding is at issue, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.'

"Fifth: The Plaintiffs have never requested arbitration and suit was instituted without first requesting arbitration.

"Wherefore, your petitioners pray your honorable Court that all proceedings be stayed until they are first submitted to arbitration."

An examination of the above quoted complaint shows the alleged loss occurred June 25, 1956, and this action was not commenced until October 18, 1956. The petition to stay pending arbitration was not filed until December 4, 1956, and no allegation is set forth in the petition that "written demand of either" for arbitration was "made within sixty (60) days after receipt of proof of loss by the company" as required by the policy.

Therefore, at the expiration of the said 60-day period, if no demand is made, the clause is waived and not operative.

The act of assembly relied upon for stay does not apply to an applicant in default and after default the insured is entitled to institute suit on the policy and have the matter disposed of by the court.

The arbitration clause in a contract of insurance may be waived by the parties and where they do so, the provision does not constitute a condition precedent to recovery under the policy: Robinson v. Lumbermen's Mutual Casualty Company, 110 Pa. Superior Ct. 396.

## Order

And now, to wit, February 11, 1957, it is ordered, adjudged and decreed:

One: That defendants' petition for stay of all proceedings pending arbitration be and the same is hereby dismissed.

Two: That defendants' preliminary objections numbered one and two be and the same are hereby dismissed.

Three: That defendants' preliminary objection number three be, and the same is hereby sustained, to the end that plaintiffs be required within 10 days

from the date hereof, to either file an assignment to plaintiffs of the Columbia Trust Company claim or amend the complaint by joining the Columbia Trust Company as a party plaintiff.

Four. That in the event plaintiffs comply with the requirements set forth in paragraph three thereof, defendants shall be allowed 30 days from the date hereof, to file an answer to said complaint in accordance with the Pennsylvania Rules of Civil Procedure.