## Ice City, Inc. v. Insurance Company of North America

*Harold Caplan, C. Tracy Taylor,* and *Stamberg, Calpan, Calnan & Behrle,* for plaintiffs.

*Richard W. Hopkins, Edward N. Cahn,* and *White & Williams,* for defendant.

WIEAND, J., March 6, 1973.—Plaintiffs, Ice City, Inc., and Ice City Christmas, Inc., are Pennsylvania corporations having their principal offices in Pennsylvania. On or about November 13, 1971, a fire caused damages to real and personal property owned by plaintiffs in East Windsor, Conn. Insurance coverage was provided by the terms of a policy written and delivered in Allentown, Pa., by Myers, Benner Corporation, an Allentown broker acting as agent for defendant, Insurance Company of North America. When a dispute arose concerning the amount of the damages sustained by plaintiffs as a result of the fire, this action in equity was instituted to obtain specific performance of a clause in the policy which provided for the appointment of appraisers to determine the loss. Defendant filed preliminary objections in the nature of a demurrer to plaintiffs' complaint. With the case in this posture,

the court is called upon to determine whether the appraisal clause of the policy is properly the subject of a decree of specific performance.

The pertinent provisions of the policy are as follows:

"APPRAISAL. In case the Insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the Insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraiser shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

". . .

"SUIT. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

We need not determine whether these provisions are to be construed according to the laws of Connecticut or the laws of Pennsylvania. The complaint contains no averments of Connecticut decisions or statutes which are applicable. In the absence of a pleading to the contrary, therefore, the law of Connecticut will be

presumed to be the same as the law of the forum: Baughman's Estate, 281 Pa. 23; Peter Adams Paper Co. v. Cassard, 206 Pa. 179. See also Sum. Pa. Jur. Conflict of Laws §143. It was on the basis of Pennsylvania law, moreover, that the case was submitted to the court by the parties.

The policy provisions here in issue are a part of the Standard Fire Insurance Policy of the State of Pennsylvania: Act of May 17, 1921, P. L. 682, §506, as amended, 40 PS §636.* Prior to 1921, similar provisions had been made a part of the standard policy by the Act of June 8, 1915, P. L. 919. These and earlier appraisal clauses have been the frequent subject of appellate court decisions in Pennsylvania.

The law in this State, therefore, has been well settled for many years. An appraisal agreement contained in an insurance policy is revocable, by either party, until acted upon: Robinson v. Lumbermen's Mutual Casualty Company, 110 Pa. Superior Ct. 396, 400. See also Penn Plate Glass Co. v. Spring Garden Insurance Co., 189 Pa. 255; Gratz v. Insurance Company of North America, 282 Pa. 224; Beaver Falls B. & L. Assn. v. Allemania Fire Ins. Co., 305 Pa. 290; Dudzinski v. Great American Ins. Co. of New York, 90 Pa. Superior Ct. 540. Refusal to agree to such an appraisal, or revocation of it, does not alter or have any effect on the respective contractual rights of the parties under the policy. The only effect of such a revocation is that it enables the insured to sue forthwith on the policy: Robinson v. Lumbermen's Mutual Casualty Company, supra, at page 402.

Plaintiffs concede that the foregoing cases represent the current state of the law in Pennsylvania. They argue, with considerable cogency, that these cases should be overruled and the law changed. To interpret

---

* Standard provisions are required in policies "affording fire insurance . . . on property in this Commonwealth . . ."

the arbitration clause in this manner, they contend, is misleading to the average insured. It deprives him of a valuable right which the policy purports to give him and for which he paid a consideration. It deprives him of a speedy and convenient means for determining the amount of his loss. Plaintiffs suggest further that the attitude of the courts of Pennsylvania is changing, as has been evidenced by recent decisions which now hold that arbitration contracts are valid, enforceable and irrevocable. See Mendelson v. Shrager, 432 Pa. 383. Lastly, plaintiffs point to recent decisions in other jurisdictions which have rejected the interpretation adopted in earlier Pennsylvania cases and have held appraisal clauses in fire insurance policies to be binding and enforceable: Hala Cleaners, Inc. v. Sussex Mutual Insurance Company, 115 N. J. Super. 11, 277 A.2d 897; Saba v. Homeland Insurance Company of America, 159 Ohio 237, 112 N.E. 2d 1, 44 A.L.R. 2d 841. See also Annotation of Cases at 44 A.L.R. 2d 850.

This court cannot overrule the line of decisions in Pennsylvania which have held arbitration clauses to be revocable. If this is to be done, it must be done by the appellate courts themselves. Moreover, in Pennsylvania, it is not only the courts which have been committed to such an interpretation. The legislature, by its silence, has also acquiesced in such an interpretation for more than 50 years. It may well be, therefore, that remedial action, if any, must come by way of legislative change to the provisions of the Standard Fire Insurance Policy. Such was the position of the New York Court of Appeals in Happy Hank Auction Co., Inc. v. American Eagle Fire Insurance Company, 1 N.Y. 2d 534, 136 N.E. 2d 842. In that case, as here, the court dismissed an action for specific performance of an appraisal clause which had been held by prior appellate court decisions to be revocable at will by the insurer.

Because the law in this State is so well settled, and because the posture of the instant proceedings requires that Pennsylvania law be applied, we are obliged to sustain defendant's preliminary objections in the nature of a demurrer. We do so with some reluctance, because we believe there is much to recommend a change that would recognize the enforceability of appraisal clauses which are calculated to provide a speedy and convenient means for determining fire losses.

Finally, because of our lingering concern that there may be a conflict of laws issue inherent in the circumstances of this case, we believe that plaintiffs should be given an opportunity to file an amended complaint. This will afford them an opportunity to frame such conflict of laws issue, if they are able to do so.

## ORDER

Now, March 6, 1973, it is ordered that defendant's preliminary objections in the nature of a demurrer be and the same are hereby sustained, and judgment may be entered in favor of defendant unless plaintiffs shall file an amended complaint within 20 days after service of a copy of this order upon their attorney.