# Mentz *versus* Armenia Fire Insurance Co.

1. By a condition in a policy of insurance, in case of dispute touching the amount of the loss sustained, such dispute was to be submitted to arbitrators, one to be chosen by each party, with power to select a third in case of disagreement, their decision to be final; and no action, &c., should be maintained on the policy unless the loss, in case of such dispute, should have been first thus ascertained. *Held,* that this did not oust the jurisdiction of the courts.

2. Such condition is an agreement to refer to arbitrators to be chosen at a future time, and is revocable; the party may be subject to an action of damages for the revocation.

3. This condition being special is not without effect, but the company, to avail themselves of it, must show that they admitted the validity of the policy and their liability under it, and that the only question was the extent of the loss.

4. When the dispute is of the character of an account involving the examination of books, the value of a large number of things and the extent of the damage, parties may agree that it shall be determined by men, as appraisers.

November 24th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1875, No. 158.

This action was assumpsit, brought April 6th 1874, by J. M. Mentz against The Armenia Fire Insurance Company, to recover for a loss from fire sustained by the plaintiff on a stock of store goods in Titusville, insured by the defendants.

[Mentz v. Armenia Fire Ins. Co.]

The policy was issued October 13th 1873, and according to its provisions was countersigned by Murray & Clow, the general agents of the company at that place ; the amount insured was $400. The plaintiff's same stock of goods was, at the time he effected this insurance, insured in The Lancaster Fire Insurance Company for $600.

One condition contained in the policy was, that where there was an insurance with another company, it should be endorsed in writing on the Armenia company's policy.

Another condition was :—

"VIII. In case any difference or dispute shall arise between the assured and this company touching the amount of any loss or damage sustained by him, such difference shall be submitted to the judgment of arbitrators, one to be appointed by each party, with power to select a third in case of disagreement, whose decision thereupon shall be final and conclusive; and no action, suit or proceedings at law or in equity shall be maintained on this policy, unless the amount of loss or damage in case of difference or dispute shall be first thus ascertained."

The case was tried May 4th 1875, before Lowrie, P. J. The plaintiff gave his policy in evidence ; also the fire by which the goods insured were destroyed. He then offered to prove that although notice of the other insurance was not endorsed on the policy, the agents of the plaintiffs, who were also agents of the other company, said at the time he effected the insurance that the endorsement had been made ; the offer was objected to and rejected by the court.

He gave evidence of the amount of the loss sustained by the fire, the circumstances of the fire, &c., and rested.

The defendants moved for a nonsuit, "because section 8 requires the parties to the policy to submit to a reference," &c.

The plaintiff objected to the motion, because no reference was offered or asked for.

By direction of the court judgment of nonsuit was entered.

This was assigned for error, on the removal of the record to the Supreme Court, by the plaintiff by writ of error.

*H. C. Johns,* for plaintiff in error.—A general covenant or agreement providing for settling disputes by arbitration without naming the arbitrators, does not take away the jurisdiction of the courts : Gray v. Wilson, 4 Watts 41 ; Lauman v. Young, 7 Casey 310 ; Snodgrass v. Gavit, 4 Id. 224; Ins. Co. v. Morse, 20 Wall. 445.

*J. B. Brawley,* for defendant in error, from whom the reporter received no paper-book.

[Mentz *v.* Armenia Fire Ins. Co.]

Mr. Justice SHARSWOOD delivered the opinion of the court, January 6th 1876.

There can be no doubt that if this case stood upon a general arbitration clause in the policy alone, it would fall within the principle settled by this court, conformably to all the previous English authorities, in Gray *v.* Wilson, 4 Watts 41 ; Snodgrass *v.* Gavit, 4 Casey 224, and Lauman *v.* Young, 7 Id. 310 ; that it is not in the power of the parties to a contract to oust the courts of their jurisdiction.

The cases in which the certificate or approbation of any particular person—as the engineer of a railroad company—to the amount of a claim, is made a condition precedent to an action, rest upon entirely different principles. He is not created a judge or arbitrator of law and facts, but simply an appraiser of work done : Monongahela Nav. Co. *v.* Fenton, 4 W. & S. 205; Lauman *v.* Young, 7 Casey 306. In all these cases there is an actual reference, founded upon consideration, and therefore irrevocable. That which is before us, is a mere agreement to refer to arbitrators to be chosen at a future time.

Such an agreement, like any other agreement of reference, is revocable, though the party may subject himself to an action of damages for the revocation. It is not in the power of parties thus to oust the courts of their general jurisdiction, any more than they have to add to a personal covenant, that they are not to be responsible for a breach of it : Furnivall *v.* Coombes, 5 Mann. & G. 736. The Supreme Court of the United States have recognised the soundness of this general principle in Insurance Co. *v.* Morse, 20 Wallace 445, in which they held that an agreement by a foreign insurance company, in conformity with a state statute, that if sued in a state court they would not remove the suit into the Federal court, was invalid.

The contention, however, here is, that the special provision added in this policy to the arbitration clause, distinguishes this case from those cited. It declares that "no action, suit, or proceedings at law or in equity, shall be maintained on this policy, unless the amount of loss or dispute as aforesaid shall have been first thus ascertained."

If, however, it was not in the power of the parties to oust the courts of their general jurisdiction, by such an agreement, that clause does not help them. Had a general arbitration clause been valid, it would have been a condition precedent to an action of itself ; the provision in question is but the expression of that which was implied.

We are not to be understood as holding that this provision of the policy, which is special, not general, is entirely without effect. By its terms it was confined to "any difference or dispute that should arise between the insured and the company, touching the

[Mentz v. Armenia Fire Insurance Co.]

amount of any loss or damage." But then it was incumbent on the defendants below, in order to avail themselves of it, to show that a dispute had arisen touching the amount of the loss. In other words, they must show that they admitted the validity of the policy, and their liability under it, and that the only question was as to the extent of the loss.

An examination of the case of Scott v. Avery, 5 House of Lords Cases 827, so much relied on by the defendants in error, will show that a majority of the opinions there went upon the ground that it was a special, not a general arbitration, which was intended. The power to oust the courts of their general jurisdiction was expressly repudiated. Nothing of the kind appeared on the trial here ; on the contrary, it rather seemed, from an offer of evidence made by the plaintiff, objected to by the defendants, and rejected, that one ground of defence was, that there had been a breach of one of the conditions of the policy, by the non-endorsement of another insurance, which avoided the contract altogether.

Parties may agree that when the dispute is of the character of an account involving the examination of books, and the value of a large number of things, and the extent of the damage, it shall be determined by three men as appraisers in effect—a much more appropriate tribunal for such a controversy than a jury.

Judgment reversed and *procedendo* awarded.