# Needy v. German American Insurance Company of New York.

*Insurance—Arbitration—Revocation—Fire insurance.*

A provision in a policy of fire insurance that in case of disagreement, the parties shall each appoint an appraiser, and the appraisers shall appoint an umpire, and the three persons so selected shall pass upon the matter in dispute, is a revocable agreement, and the bringing of suit upon the policy by the insured is an effectual revocation on his part.

Argued March 5, 1900. Appeal, No. 223, Jan. T., 1899, by defendant, from judgment of C. P. Franklin Co., April T., 1898, No. 276, on verdict for plaintiff in case of Samuel Needy in trust for Mary Needy v. German American Insurance Company of New York. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Affirmed.

Assumpsit upon a policy of fire insurance.

From the record it appeared that the policy of insurance upon which suit was brought contained the following clause: "In the event of disagreement as to the amount of loss, the same shall as above provided be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound

value and damage, and failing to agree shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expense of the appraisal and umpire.

" This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The evidence showed that a disagreement arose between the parties, and that each appointed an appraiser.

When John P. Boyle was on the stand, the following offer was made by defendant's counsel:

We propose to prove by this witness and others that the witness upon the stand was selected as an appraiser by the defendant; that Mr. Benjamin F. Welty was selected as the other appraiser by the plaintiff; that in pursuance of that selection they met together in the borough of Waynesboro to perform the duties of their appointment; that they proceeded to discuss the selection of an umpire, as provided by the terms of the policy; that the insured, Samuel Needy, acting for Mary A. Needy, interfered and prevented the selection of an umpire, thereby hindering and making it impossible to hold the appraisement as provided by the terms of the policy.

This for the purpose of showing to the court and jury that the action was prematurely begun, in other words, that at the time this action was brought no right of action had accrued upon the policy; it appearing from the evidence that the defendant company made no question as to its liability upon this policy, except as to the amount of the loss; and it appearing

further that a disagreement had arisen between the insured and the company as to the amount of the loss.

Mr. Bowers : This offer of evidence is objected to (1) because the clause of submission as contained in the policy is revocable at any time by either party, and that the bringing of this suit by the plaintiff was an explicit revocation of the agreement of submission; (2) because the evidence is irrelevant and immaterial to the issue; (3) because Samuel Needy is not the plaintiff in this case nor the insured; (4) because the agreement of submission as signed was when one, William Lanahan, was selected as arbitrator on the part of the defendant company, whereas John P. Boyle was brought on as arbitrator and his name was inserted in the agreement without the consent of the insured or of Samuel Needy; (5) because the defendant company has not shown that the only question was the extent of the loss, the evidence already offered, as well as the pleadings in the case, showing conclusively that other questions were present; (6) because any prevention of the selection of an umpire, even if it had occurred, would not necessarily prevent an award, because the clause in the policy referred to only provides for the appointment of an umpire in case of the disagreement of the two appraisers.

The Court: I am of opinion that the clause in this policy providing for the ascertainment of the amount of the loss is revocable at the pleasure of either party. The bringing suit upon the policy was an effectual revocation by the assured, and this he had a right to do at any time after the loss occurred without regard to the questions in dispute and even after two appraisers had been selected.

Holding to this view, the objections which go to the irrelevancy of the present offer are sustained. Evidence excluded. Bill sealed.

Verdict and judgment for plaintiff for $2,675. Defendant appealed.

*Error assigned* was ruling on evidence as above.

*W. Rush Gillan*, with him *W. J. Zacharias*, for appellant.— A party to an insurance policy who prevents the choice of an umpire by the arbitrators appointed under the policy by the assertion of his will, preference or disapproval to control such

choice, cannot of right demand that such proceedings shall be taken de novo, but the other party may resort to an action: Power's Dry Goods Co. v. Imperial Fire Ins. Co., 21 Ins. L. J. 251; Clement's Fire Ins. Digest, 559; Uhrig v. Williamsburg City Fire Ins. Co., 101 N. Y. 365; Bishop v. Agricultural Ins. Co., 130 N. Y. 495; Hamilton v. Liverpool, etc., Ins. Co., 136 U. S. 242.

An arbitration clause is not revocable at the pleasure of either party: Hutchinson v. Liverpool, etc., Ins. Co., 10 L. R. A. (Mass.) 558; Wainer v. Milford Mut. Fire Ins. Co., 11 L. R. A. (Mass.) 598; Flaherty v. Germania Ins. Co., 1 W. N. C. 352; Seibel v. Lebanon Mut. Ins. Co., 16 Lanc. 356; Gorman v. Hand-in-Hand Ins. Co., Irish Rep. 11 C. L. 224; Elliott v. Royal Exchange Assurance Co., L. R. 2 Ex. 237; Viney v. Bignold, L. R. 20 Q. B. Div. 172; Carroll v. Girard Fire Ins. Co., 72 Cal. 297; Eichner v. Liverpool, London & Globe Ins. Co., 29 N. Y. St. Rep. 411; Scottish Union & Nat. Ins. Co. v. Clancy, 71 Texas, 5; Old Saucelito Land & Dry Dock Co. v. Commercial, etc., Ins. Co., 66 Cal. 253; Chippewa Lumber Co. v. Phenix Ins. Co., 80 Mich. 116; Pioneer Mfg. Co. v. Phœnix Assurance Co., 106 N. C. 28; Gasser v. Sun Fire Office, 42 Minn. 315; Herndon v. Imperial Fire Ins. Co., 107 N. C. 183.

*Charles Walter* and *O. C. Bowers*, for appellee.—The arbitration agreement was revocable: Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; Yost v. Dwelling House Ins. Co., 179 Pa. 381; Penn Plate Glass Co. v. Spring Garden Ins. Co., 189 Pa. 261.

OPINION BY MR. CHIEF JUSTICE McCOLLUM, Jan. 7, 1901:

" The court below being of opinion that the clause in the policy providing for the ascertainment of the amount of the loss by appraisers was revocable at the pleasure of either party, and that the bringing of suit by the plaintiff was an effectual revocation by the assured, rejected our offer of evidence. This is the error and the only error complained of." The above quotation from the printed argument in the appellant's paper-book presents the only question for consideration in the case. It is in substantial conformity with the assignment of error as will

readily appear in an inspection of the latter. A specification herein of the numerous delays occasioned by the action of the special agent of the defendant company is deemed unnecessary. It sufficiently appears in the uncontradicted testimony of Needy. It is evidenced, inter alia, by sixteen letters addressed by the agent to Needy between December 25, 1897 and March 29, 1898, which were presented and considered on the trial, but have not been printed in the company's paper-book. The letters showed, in part, at least, the delays caused as aforesaid, and they may have contributed to some extent, at least, to the revocation of the agreement. The appraisal agreement appears to have been signed on March 12, 1898, and John P. Boyle was appointed by the defendant company as one of the appraisers. Needy, the trustee, appointed Welty as the other appraiser more than two months previous thereto. The company's special agent sent to Needy a blank form of arbitration naming William Lanahan as appraiser, and requested Needy to name one. This he did as above stated. A short time after that the company's special agent notified Needy that Lanahan could not serve. He next named Cunningham for the place and he, like his predecessor, discovered that he was unable to serve. It may be that other parties were named for the place previous to the appointment of Boyle, but if so they were not mentioned in Needy's testimony. To this we may add that according to Needy's testimony he never signed the agreement with Boyle's name in it. The appraisers named in the agreement were unable to agree upon an umpire and the result was that inasmuch as the clause in the policy providing for the ascertainment of the amount of the loss by appraisers was revocable, the suit instituted on April 2, 1898, was an effectual revocation by the assured.

We have failed to discover error in the charge of the court or in its rulings upon offers of evidence. The conclusion arrived at was in strict conformity with the law applicable to the case. If authorities are needed to support it a reference to the following cases ought to be regarded as sufficient: Gray v. Bell, 4 Watts, 411; Metz v. American Fire Ins. Co., 79 Pa. 478; Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; Yost v. Dwelling House Insurance Co., 179 Pa. 381. In the case of Penn Plate Glass Co. v. Spring Garden Insurance Co., 189 Pa. 255, our Brother MITCHELL, referring to three of the

last mentioned cases in the preceding sentence, said, " Suit by the insured without preliminary appraisement has been sustained because the agreement being revocable could not bind him."

Judgment affirmed.