Mr. Justice NIX joins in this dissenting opinion.

Ice City, Inc. et al., Appellants, *v.* Insurance Company of North America.

Argued November 15, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Harold Caplan,* with him *C. Tracy Taylor,* and *Stamberg, Caplan, Calnan & Behrle,* for appellants.

*Richard W. Hopkins,* with him *White and Williams,* for appellee.

*Andrew F. Giffin* and *Barton Isenberg,* Assistant Attorneys General, for Pennsylvania Insurance Department, amicus curiae.

OPINION BY MR. JUSTICE ROBERTS, January 24, 1974:

On November 13, 1971, the business premises of appellants, Ice City, Inc., and Ice City Christmas, Inc., were damaged by fire. Fire insurance coverage was provided by appellee, the Insurance Company of North America (INA). The parties, while able to agree on the amount of losses to real and personal property, were unable after protracted negotiations, to agree on the amount of lost income. Appellee admits liability for this loss, but disputes the amount of loss.

On July 10, 1972, appellants, pursuant to the terms of the insurance policy, demanded in writing the appointment of independent appraisers qualified to determine the extent and amount of lost income. INA, however, refused to comply with the procedures set forth in its policy, and declined to nominate an appraiser. The policy, as statutorily mandated,[1] provides: "APPRAISAL.

---

[1] Appraisal provisions are required by statute to be included in all fire insurance policies issued in Pennsylvania. Act of May 17, 1921, P.L. 682, § 506, as amended, 40 P.S. § 636 (1971).

In case the Insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the Insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

Appellants instituted this action in equity seeking a decree of specific performance requiring appellee to appoint "a competent and disinterested appraiser." INA filed preliminary objections in the nature of a demurrer, which were sustained. This appeal ensued.[2] We reverse.[3]

The single question for our determination is whether the appraisal provision is enforceable. In support of the chancellor's conclusion that the clause is unenforceable, appellee relies on our decision in *Mentz v. Armenia Fire Insurance Co.,* 79 Pa. 478 (1876), and several other

---

[2] The Department of Insurance of the Commonwealth of Pennsylvania has participated in this appeal as amicus curiae, urging reversal.

[3] This Court's jurisdiction is found in the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp. 1973).

early cases following it.[4] We believe appellee's reliance misplaced, and its reading of our precedents erroneous.

*Mentz* involved a suit for fire loss. The insurance contract, as here, contained a provision for referring disagreements "touching the amount of any loss or damage sustained" to "the judgment of arbitrators." *Id.* at 479. Neither party "offered or asked for" appraisal, and consequently Mentz brought an action on the policy for damages. The trial court sustained the insurer's motion for a nonsuit for failure to submit the controversy to appraisers.

This Court reversed and remanded the case for trial because the insurer-appellee had not shown that the only question was the amount of loss. A condition precedent to appraisal, a showing that the dispute was one "touching the amount of any loss or damage," was not satisfied.[5]

---

[4] *Chauvin v. Superior Fire Ins. Co.*, 283 Pa. 397, 129 A. 326 (1925) ; *Gratz v. Insurance Co. of North America*, 282 Pa. 224, 127 A. 620 (1925) ; *Needy v. German Am. Ins. Co.*, 197 Pa. 460, 47 A. 739 (1901) ; *Penn Plate Glass Co. ex rel. Wertheimer v. Spring Garden Ins. Co.*, 189 Pa. 255, 42 A. 138 (1899) ; *Yost v. McKee*, 179 Pa. 381, 36 A. 317 (1897) ; *Commercial Union Assurance Co. v. Hocking*, 115 Pa. 407, 8 A. 589 (1887).

The trial court, while believing that these precedents required sustaining the preliminary objections, nevertheless noted that it "[did] so with some reluctance because [it] believe[d] there is much to recommend . . . the enforceability of appraisal clauses which are calculated to provide a speedy and convenient means for determining fire losses."

[5] "By its [the appraisal clause's] terms, it was confined to 'any difference or dispute that should arise between the insured and the company, touching the amount of any loss or damage.' But then it was incumbent on the defendants below, in order to avail themselves of it, to show that a dispute had arisen touching the amount of the loss. In other words, they must show that they admitted the validity of the policy, and their liability under it, and that the only question was as to the extent of the loss." *Mentz v. Armenia Fire Ins. Co.*, 79 Pa. 478, 480-81 (1876).

In reversing, the *Mentz* court commented, "Such an agreement . . . is revocable, though the party may subject himself to an action of damages for the revocation." *Id.* at 480. Appellee relies on this isolated phrase to support its position that the appraisal clause is unenforceable. Appellee, however, reads the single word "revocable" as though it represents the court's entire decision.

The insurance contract in *Mentz,* in addition to providing for appraisal, required that "no action, suit or proceedings at law or in equity shall be maintained on this policy, unless the amount of loss or damage in case of difference or dispute shall be first thus [by appraisal] ascertained."[6] The insurer contended that this contractual provision totally divested the courts of any and all jurisdiction over the controversy. It was in response to this argument, which was rejected, that this Court said that the appraisal was "revocable." The *Mentz* court reasoned that if the insurer did not admit liability, thereby precluding appraisal, and if the appraisal provision remained binding upon the insured, then the insured would have been unable to bring suit to recover his losses.

By "revocable" this Court did not, as the chancellor here erroneously concluded, mean that the appraisal provision is unenforceable when the insured requests appraisement. "Revocable" was used only in the sense that, when the conditions precedent to appraisal are not satisfied, the party preventing appraisal, as INA here, may not assert the existence of the appraisal clause de-

---

[6] The instant policy contains a similar provision, stating: "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with . . . ." Its inclusion in fire insurance policies is mandatory. Act of May 17, 1921, P.L. 682, § 506, as amended, 40 P.S. § 636 (1971).

spite its own failure to comply with the clause as a defense to the innocent party's action on the policy. When the insured is prevented from submitting the controversy to appraisement by the insurance carrier's refusal to name an appraiser, then the insured may not be denied his right to seek enforcement of the appraisal clause or to sue for damages.

*Mentz* and the cases following it hold only that if appraisal is not requested,[7] or the request is fruitless,[8] or appraisal proceedings are inconclusive[9] or abandoned by the parties' joint consent,[10] or liability is denied,[11] then the appraisal provision in the contract may not bar the insured from bringing an action for relief in the courts. When appraisal is rejected by the insurance carrier, or is otherwise made unavailable to the insured, the insured's appraisal obligation is satisfied and he is entitled to bring suit. Appraisal, therefore, or the attempt at appraisal "would be at the most a condition precedent to an action by the insured . . . ." *Gratz v. Insurance Co. of North America*, 282 Pa. 224, 233, 127 A. 620, 623 (1925) (quoting *Penn Plate Glass Co. ex rel. Wertheimer v. Spring Garden Insurance Co.*, 189 Pa. 255, 261, 42 A. 138, 139 (1899)).

As this Court held in *Chauvin v. Superior Fire Insurance Co.*, 283 Pa. 397, 400-01, 129 A. 326, 327 (1925): "[T]he appraisement or a bona fide effort to join therein, was merely a condition precedent to an action by the

---

[7] *Mentz v. Armenia Fire Ins. Co.*, 79 Pa. 478 (1876).

[8] *Gratz v. Insurance Co. of North America*, 282 Pa. 224, 127 A. 620 (1925) ; *Penn Plate Glass Co. ex rel. Wertheimer v. Spring Garden Ins. Co.*, 189 Pa. 255, 42 A. 138 (1899).

[9] *Chauvin v. Superior Fire Ins. Co.*, 283 Pa. 397, 129 A. 326 (1925) ; *Needy v. German Am. Ins. Co.*, 197 Pa. 460, 47 A. 739 (1901).

[10] *Commercial Union Assurance Co. v. Hocking*, 115 Pa. 407, 8 A. 589 (1887).

[11] *Yost v. McKee*, 179 Pa. 381, 36 A. 317 (1897) ; *Mentz v. Armenia Fire Ins. Co.*, 79 Pa. 478 (1876).

insured . . . and where an attempt was made in good faith to carry out its provisions, and appraisement prevented . . . , plaintiff [the insured] had fully performed his obligation and is entitled to bring suit . . . ."

Here, appellants fully performed their appraisal obligations and established their entitlement to bring an action for the recovery of the loss. Appellants, in pursuit of their right of recovery, elected to bring an action in equity seeking specific performance of the statutorily-mandated appraisal agreement. None of our earlier decisions deals with an action for specific performance of an insurance appraisal agreement. In the earlier cases, the insured parties sought only recovery of monetary damages.

This Court, however, has recently examined the analogous question of specific performance of a contractual right to arbitration. In *Mendelson v. Shrager*, 432 Pa. 383, 248 A.2d 234 (1968), appellants sought enforcement of a contractual provision calling for arbitration of disputes arising under an employment agreement. As here, the chancellor sustained appellee's preliminary objections and dismissed the complaint. We unanimously reversed and ordered reinstatement of the complaint, rejecting both the contention that the arbitration agreement was unenforceable and the argument that the availability of an action at law for breach of contract precluded specific performance.

For purposes of enforceability, we see no distinction between arbitration and appraisal.[12] It must be con-

---

[12] As one authority has noted in distinguishing between the two: "An agreement for arbitration, as that term is now generally used, encompasses the disposition of the entire controversy between the parties upon which award a judgment may be entered, whereas an agreement for an appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for settlement by negotiation, or litigated in an ordinary action upon the policy. For example, it has

cluded that contracts providing for appraisal, like those providing for arbitration, "are valid, enforceable and irrevocable, save upon such grounds as exist in law or in equity for the revocation of any other type of contract." Id. at 385, 248 A.2d at 235. When, as here, the conditions precedent to appraisal are satisfied, i.e., the admission of liability but a dispute only as to the dollar value of the loss, appraisal is an entirely appropriate means for settling the dispute, and is indeed the favored practice. Cf. *Yost v. McKee,* 179 Pa. 381, 36 A. 317 (1897). A decree of specific performance may issue to require its enforcement. Accord, *Hala Cleaners, Inc. v. Sussex Mutual Insurance Co.,* 115 N.J. Super. 11, 277 A.2d 897 (Ch. Div. 1971); *Saba v. Homeland Insurance Co. of America,* 159 Ohio St. 237, 112 N.E.2d 1 (1953).[13]

It is beyond cavil that settlement of disputes by arbitration or appraisal is the approved public policy of this Commonwealth. *Mendelson v. Shrager,* supra; *Capecci v. Capecci, Inc.,* 11 Pa. D. & C.2d 459, 461 (C.P. Phila. 1957), aff'd, 392 Pa. 32, 139 A.2d 563 (1958);

---

been said that a clause in a fire policy providing for simple appraisal of values, so as to determine the amount of loss, is distinct from an arbitration clause, whereby the parties seek to substitute tribunals other than courts to determine an entire controversy." 14 G. Couch, Cyclopedia of Insurance Law § 50:5 at 346 (2d ed. R. Anderson 1965) (footnotes omitted).

If an entire controversy may be submitted to arbitration, surely one aspect, the amount of loss, may likewise be determined by appraisers.

[13] In decreeing specific performance of appraisal procedures identical to our own, the Supreme Court of Ohio observed: "The failure and refusal of the defendants to select an appraiser as required by the provisions of the policies constituted a failure to agree on an umpire just as effectively as if they had selected an appraiser and instructed him not to agree on an umpire. Under these circumstances the plaintiff was authorized to request the court to select such umpire." *Saba v. Homeland Ins. Co. of America,* 159 Ohio St. 237, 241-42, 112 N.E.2d 1, 3 (1953).

*Hussey Metal Division v. Lectromelt Furnace Division,*
471 F.2d 556, 558 (3d Cir. 1973) ; *United States Fidelity
& Guar. Co. v. Bangor Area Joint School Authority,* 355
F. Supp. 913 (E.D. Pa. 1973).

The procedures of arbitration and appraisal are not
new to Pennsylvania jurisprudence. Indeed, almost a
century ago, this Court in *Mentz v. Armenia Fire Insur-
ance Co.,* supra, the very case upon which INA relies in
arguing a contrary proposition, specifically approved
the practice of submitting to appraisers disagreements
as to the extent of damages arising under insurance
policies.

"Parties may agree that when the dispute is of the
character of an account involving . . . the extent of the
damage, it shall be determined by three men as apprais-
ers in effect—a much more appropriate tribunal for
such a controversy than the jury." Id. at 481. This
public policy has since been reiterated in many of our
decisions, and indeed has been frequently reflected in
our cases dealing with uninsured motorists.[14]

Over half a century ago our Legislature expressed
the identical view by requiring the inclusion of apprais-
al provisions in all fire insurance policies written in this
Commonwealth.[15] The Legislature has established clear
and precise procedures for the submission of disputes
to appraisers. Allowing an insurer unilaterally to re-
ject the statutorily-mandated procedures, leaving the
insured only actions for damages—actions he would

---

[14] See, e.g., *Buckeye Union Ins. Co. v. Murhammer,* 455 Pa. 641,
311 A.2d 319 (1973) (per curiam) ; *Allstate Ins. Co. v. McMonagle,*
449 Pa. 362, 296 A.2d 738 (1972) ; *Grange Mut. Cas. Co. v. Pennsyl-
vania Mfrs. Ass'n Ins. Co.,* 438 Pa. 95, 263 A.2d 732 (1970) ; *Great
Am. Ins. Co. v. American Arbitration Ass'n,* 436 Pa. 370, 260 A.2d
769 (1970) ; *Allstate Ins. Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618
(1969) ; *Merchants Mut. Ins. Co. v. American Arbitration Ass'n,* 433
Pa. 250, 248 A.2d 842 (1969).

[15] See note 1 supra.

have without the benefit of our insurance statutes—would effectively render void the mandatory appraisal procedures.[16] Failure to grant specific performance would repudiate the policy expressed by both the Legislature and the prior decisions of this Court.

Moreover, as the Department of Insurance of the Commonwealth of Pennsylvania has argued as amicus curiae urging reversal,

"The appraisal clause clearly and unambiguously provides for certain benefits and obligations on the parties . . . .

. . . .

"The insured had a right to understand what he is buying . . . . The Plaintiff-Appellant in this action has a right to include the advantage of the appraisal provisions as part of what its premium dollars paid for. It is entitled to whatever savings may be had through the use of the appraisers' determination . . . as compared with the cost of judicial determination. This is an important contract value which should not be denied."[17]

---

[16] In addition to arguing that its consent is necessary for appraisal, INA also argues that a valid appraisal agreement requires a particular person to be named as appraiser in the agreement. While this condition may, in some circumstances, have been required at common law, see *Povey v. Midvale Co.*, 175 Pa. Superior Ct. 395, 105 A.2d 172 (1954), the Legislature has not imposed this condition in fire insurance policies. Neither, therefore, may we. See 1 Pa. S. § 1504 (1973).

[17] Brief for the Pennsylvania Insurance Department as amicus curiae at 4-5. See also *Saba v. Homeland Ins. Co. of America*, 159 Ohio St. 237, 241, 112 N.E.2d 1, 3 (1953) :

"The defendants insist further that if they refuse to select an appraiser, the plaintiff has no recourse except to file suits on his policies.

"This is equivalent to telling the plaintiff that, although he paid a premium for policies containing the advantage of the appraisal provisions, he in fact received nothing therefor . . . . The plaintiff was led to believe that he was purchasing policies giving him the right to an appraisal and a prompt settlement of his loss

This Court shares these views, and recognizes the real value of the appraisal clause to the insured. The clause affords a more convenient and less burdensome method for resolving the dispute over the amount of the loss than leaving the entire controversy to more costly and time-consuming court litigation. Our Court may not deny an insured the right to enforce this benefit, paid for by premiums, any more than we could deny an insurance carrier its right to receive the premiums. The legislatively-mandated appraisal clause, an early recognition of what currently is known as consumerism, may not be discarded by the insurer. This Court cannot agree that the insurer may unilaterally free itself from its statutorily-imposed and contractually-required appraisal obligations.

Decree reversed and the record remanded for further proceedings consistent with this opinion. Costs on appellee.

---

so he would have the insurance money with which to reconstruct his building without the expense and delay incident to litigation. Obviously this is a valuable right which he should not be denied."