## Sweeney v. Pennsylvania Insurance Guaranty Association

*Frederick T. Lachat Jr.,* for plaintiff.
*John F. Naulty,* for defendant.

D'ALESSANDRO, *J.,* October 27, 1988 — Before the court is the motion for summary judgment filed by plaintiffs Kenneth Sweeney and Sweeney's Station Tavern. Plaintiffs filed this claim against defendant, Pennsylvania Insurance Guaranty Association on October 2, 1986. Plaintiffs had earlier filed suit against the American Consumer Insurance Company seeking to recover benefits allegedly due plaintiff under a policy of insurance. The policy insured the premises of the tavern against, among other things, damage from windstorms or hail.

Plaintiff alleges here, as in the prior action, that the tavern was damaged as a result of a windstorm on May 6, 1985, while the American Consumer policy was in effect. Subsequently, American Consumer liquidated and the claim was assumed by the Guaranty Association.

The policy of insurance contains the following mandatory provision:

"(10) *Appraisal* — If the named insured and the company fail to agree on the amount of the loss, either can demand that the amount of loss be set by appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. Each shall notify the other of the selected appraiser's identity within 20 days of the receipt of the written demand.

"The two appraisers shall select a competent, impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, the named insured or the company may petition a judge of a court of record in the state where the insured premises is located to select an umpire.

"The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to the company, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss."

Pursuant to the language of the policy, defendant appointed an engineer, James Decembrino, as its appraiser.*

---

\* It should be noted for the record that the appraisal was conducted after plaintiff had filed suit. The appraisal was filed subsequent to defendant's filing of a motion for judgment on the pleadings which relied upon the appraisal provision.

Plaintiff appointed John Friders as its appraiser. Decembrino valuated the damage to the tavern at $11,291 less depreciation of $1,561 for a total award of $9,930. Mr. Friders subsequently accepted defendant's appraiser's valuation of the loss, and as a result an appraisal award was signed on July 30, 1987.

After defendant failed to pay the award, plaintiff reinstituted this action by order of the Honorable Bernard J. Avellino dated October 28, 1987. The matter was tried at arbitration where it was found that the appraisal award bound defendant. Plaintiff now moves for summary judgment to confirm the awards entered below.

In determining this matter, we recognize that summary judgment is controlled by Pa.R.C.P. 1035(b) which, in pertinent part, states:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In viewing a motion for summary judgment, the trial court must accept as true all well-pleaded facts in the non-moving party's pleadings, as well as admissions on file, giving the non-moving party the benefit of all reasonable inferences which may be drawn therefrom. *Mattia v. Employers Mutual Companies*, 294 Pa. Super. 577, 440 A.2d 616 (1982). The record as a whole must be examined in a light most favorable to the party opposing the motion for summary judgment, with all doubts being resolved against the moving party. *Held v. Neft*, 352 Pa. Super. 195, 507 A.2d 839 (1986). In examining the record, the trial court is not to attempt to resolve conflicting contentions of fact or conflicting infer-

ences that may be drawn from the facts. *Burnside v. Abbott Laboratories,* 351 Pa. Super. 264, 505 A.2d 973 (1985).

However, once a sufficient quantum of evidence has been presented establishing the moving party's entitlement to summary judgment, then the burden shifts to the opposing party or parties to demonstrate that the trial would not be a fruitless exercise. *Community Medical Services v. Local No. 2665,* 292 Pa. Super. 238, 437 A.2d 23 (1981). As Judge Cercone observed:

"A prima facie showing by the movant for summary judgment — i.e., the production of enough evidence to demonstrate such party's entitlement to a judgment if evidence were uncontroverted at trial — shifts the burden of producing evidence to the party opposing the motion. *Summary judgment should be granted to the movant unless the opposing party offers competent evidence admissible at trial showing that there is a genuine issue as to a material fact." Id.* at 245, 437 A.2d at 27 (emphasis supplied), quoting *Nader v. de Toledano,* 608 A.2d 31, 48 (D.C. App. 1978). See also, *Amabile v. Auto Kleen Car Wash,* 249 Pa. Super. 240, 376 A.2d 247 (1977). The opposing party may not rely solely upon his pleadings to controvert the moving party's factual averments, but must respond with "competent evidence admissible at trial showing that there is a genuine issue as to a material fact." *Community Medical Services* at 245, 437 A.2d at 27.

Moreover, it is the approved public policy of the Commonwealth of Pennsylvania to allow settlement of first-party property loss disputes to be resolved by appraisal. *Ice City Inc. v. Insurance Company of North America,* 456 Pa. 210, 314 A.2d 236 (1974). Appraisal provisions are required by statute to be included in all fire insurance policies issued in Penn-

sylvania. Act of May 17, 1921, P.L. 682, §506, as amended, 40 P.S. §636 (1971).

In holding that insurance companies may not avoid the statutorily mandated appraisal provisions policy, our Supreme Court has stated in *Ice City Inc., supra,* as follows:

"The legislature has established clear and precise procedures for the submission of disputes to appraisers. Allowing an insurer to unilaterally reject statutorily-mandated procedures, leaving the insured only actions for damages — actions he would have without the benefit of our insurance statutes — would effectively render void the mandatory appraisal procedures. Failure to grant specific performance would repudiate the policy expressed by both the legislature and the prior decisions of this court." *Ice City, supra.*

Based on the above, it is clear, as a matter of law, that summary judgment must be granted in favor of plaintiffs and against defendant.