**John McGOURTY, Appellee,**

v.

**PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY,**
**Appellant.**

Superior Court of Pennsylvania.

Filed Dec. 31, 1997.

Howard M. Levinson, Wilkes–Barre, for appellant.

Michael T. Toole, Wilkes–Barre, for appellee.

Before McEWEN, President Judge, and HUDOCK and SCHILLER, JJ.

PER CURIAM:

This is an appeal from the February 25, 1997, order removing the entire panel of appraisers previously selected and directing each party to select a new appraiser within ten days. Appellee has filed a motion to quash the appeal as interlocutory.

On April 24, 1996, Appellee's home, insured by Appellant, was damaged by fire. Because the parties were unable to agree on the value of the loss, Appellant demanded that they proceed under the appraisal clause of the insurance policy. After numerous unsuccessful attempts at empanelling three appraisers, the trial court entered the order at issue.

█ Both the appraisal and arbitration process are intended as alternatives to litigation whereby the parties submit the issues in dispute to an independent counsel for resolution. The only distinction between arbitration and appraisal is the scope of issues encompassed in each proceeding. An appraisal is limited to determining the amount of the loss with all other issues reserved for settlement by either negotiation or litigation, while arbitration considers all issues necessary for disposition of the entire controversy between the parties. *Ice City, Inc. v. Ins. Co. of North America*, 456 Pa. 210, 216 n. 12, 314 A.2d 236, 240 n. 12 (1974). For purposes of enforceability, there is no distinction between arbitration and appraisal. *Ice City*, 314 A.2d at 240; *see also Boulevard Associates v. Seltzer Partnership*, 445 Pa.Super. 10, 17–19, 664 A.2d 983, 987 (1995) (scope of judicial review of an appraisal conducted pursuant to a private agreement analogous to that used to review private agreement providing for common law arbitration). We find that an appraisal order is analogous to an arbitration order and will review it accordingly.

█ Appellant argues that the February 25 order is appealable as a collateral order

pursuant to Rule 313 of the Pennsylvania Rules of Appellate Procedure. A collateral order is one that is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b), 42 Pa.C.S.A. In order to qualify as a collateral order, all three factors set forth in Rule 313 must be satisfied. *DiLucido v. Terminix Int'l., Inc.,* 450 Pa.Super. 393, 397–99, 676 A.2d 1237, 1239, *alloc. den.,* 546 Pa. 655, 684 A.2d 557 (1996). The collateral order doctrine must be construed narrowly in order to "protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, ... causing litigation to be interrupted and delayed by piecemeal review of trial court decisions." *Watson v. City of Philadelphia,* 665 A.2d 1315, 1317 (Pa.Commw.1995) (citations omitted).

■ A motion for appointment of an umpire to appraise the loss under the applicable insurance policy initiated the underlying matter. The ensuing filings in the trial court concerned the issue ultimately addressed by the February 25 order, that is, the appointment of appraisers. Thus, this order does not satisfy the initial prerequisite of a collateral order; it is not separable from and collateral to the main cause of action. Rather, this order is directly entwined with the main cause of action. *See Duttry v. Talkish,* 394 Pa.Super. 382, 385–87, 576 A.2d 53, 55 (1990) (in order to qualify as a collateral order, the order must resolve an important issue completely separate from the merits of the action and be effectively unreviewable on appeal from a final judgment).

We therefore hold that an order vacating an appraisal award [1] and directing further proceedings with a new appraisal panel is interlocutory and not appealable as it does not satisfy the requirements of the collateral

order doctrine. Accordingly, we grant Appellee's motion to quash this appeal.

Appeal quashed.

---

**1.** Appellee sought three types of recovery under the insurance contract with Appellant: 1) a building loss claim, 2) a personal property claim, and 3) a loss of use claim. Although at one point in the proceedings an umpire prepared and issued a preliminary building award for "all repairs and cleaning" in the amount of $58,500.00, no agreement was reached with any other member of the appraisal panel with respect to this claim.