# W.V. Realty Inc. v. Maryland Insurance Group

C.P. of Lackawanna County, no. 98 CV 5938.

*Michael R. Mey,* for plaintiffs.
*Joseph F. Saporito* and *Jay M. Levin,* for defendants.

MINORA, *J.,* May 15, 2000—

## I. INTRODUCTION

Two matters are currently before the court. The first is plaintiff's petition to confirm appraisal award pursuant

to 42 Pa.C.S. §7341. The second is defendant's motion to vacate appraisal award. Since they are essentially two sides of the same coin, we will dispose of both matters with this one opinion.

Some background information is necessary to explain how we arrived at this point. The plaintiffs, W.V. Realty Inc. and New Montage Manor Inc., were the owners of a motel, restaurant and catering business located in Moosic, Pennsylvania. On January 12, 1996, the roof of the subject building collapsed under the weight of accumulated snow.

The defendant, Northern, had issued an insurance policy to the plaintiffs which provided coverage between August 24, 1995 and August 24, 1996 providing for business interruption and building damage. (See exhibit "A" to defendants' motion to vacate appraisal award.)

After the parties were unable to amicably agree on an adjustment of the loss, the court upon petition appointed Edward Krowiak, Esquire as a neutral umpire with the direction that "The umpire and appraisers are directed to proceed with determining the amount of the plaintiff's losses and claims, in accordance with the terms and conditions of the insurance policy issued by the defendant." (See court order of March 3, 1999 by Judge Terrence Nealon.)

On September 13, 1999, the defendants filed a motion to limit appraisal solely to a determination of the amount of business interruption loss sustained by W.V. Realty.

On September 13, 1999, the undersigned summarily denied this motion to limit the appraisal and the full appraisal was conducted on September 15, 1999 before the umpire, Edward Krowiak, Esquire. The proceeding was

conducted by submissions and arguments by counsel. No stenographic record was made. This was all done by agreement of counsel.

An appraisal award was subsequently issued by the neutral umpire and joined by the appraiser appointed by plaintiff on December 6, 1999 which itemized the following losses:

| | | |
|---|---|---|
| Business interruption: | $ | 695,706.39 |
| Subject to policy limit of: | $ | 650,000.00 |
| Extra expenses for return deposits: | $ | 25,358.31 |
| Building and personal property: | $ | 549,840.00 |
| Debris removal: | $ | 16,200.00 |
| Total: | $ | 1,241,398.30 |

The umpire further gave a credit for any monies paid by the defendant to that date. He also awarded interest from October 6, 1996 (30 days after the date all necessary information was submitted to defendants to evaluate loss) until the loss is paid. (See exhibit "H" to defendants' motion to vacate appraisal award.)

On January 5, 2000, the defendants filed a motion to vacate appraisal award. On January 24, 2000, plaintiffs filed a petition to confirm appraisal award pursuant to 42 Pa.C.S. §7341.

On January 24, 2000, the plaintiffs were also granted a rule to show cause why the appraisal should not be confirmed and also why that instant petition to confirm should not be consolidated with the defendant's motion to vacate the appraisal award. Rule was returnable on February 21, 2000 at 9 a.m. with an argument scheduled, if necessary, for March 23, 2000 at 9:30 a.m. On January 24, 2000, the plaintiff also filed an answer to defendant's motion to vacate appraisal award.

On February 24, 2000, President Judge James J. Walsh issued an order making the rule of January 24, 2000 absolute and ordering the arbitrator's award confirmed and dismissing defendant's motion to vacate for failure to answer the rule returnable of January 24, 2000.

However, the record indicates that on February 22, 2000, the defendants had, in fact, filed a response in opposition to plaintiff's petition to confirm appraisal award pursuant to 42 Pa.C.S. §7341.

On March 20, 2000, the plaintiffs filed a brief in support of confirmation of appraisal award and denial of motion to vacate.

On March 21, 2000, the defendants filed a brief in support of defendants' motion to vacate appraisal award and in opposition to plaintiff's motion to affirm appraisal award.

The court entertained oral argument on March 23, 2000 and also received several follow-up informal letter submissions by counsel after the argument date of March 23, 2000.

All submissions have now concluded and the matter is now ripe for disposition.

## II. ISSUE(S)

(1) Should the appraisal award of December 6, 1999 be confirmed pursuant to 42 Pa.C.S. §7341?

(2) Conversely, should the appraisal award of December 6, 1999 be vacated?

## III. DISCUSSION

Before we proceed, it has come to the court's attention that counsel have agreed prior to this matter being

brought to the undersigned for resolution that the rule absolute of Judge Walsh of February 22, 2000 will be disregarded and that the above issues will and should be decided on their merits. We will now do so.

## A. *The Scope of Review*

The relevant statutory authority is contained at 42 Pa.C.S. §7341 which states in pertinent part:

"The award of an arbitrator in a non-judicial arbitration . . . is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."

Let us note that both the appraisal and arbitration process are intended as alternatives in litigation whereby the parties submit the issues in dispute to an independent counsel for resolution. The only distinction between arbitration and appraisal is the scope of issues encompassed in each proceeding. An appraisal is limited to determining the amount of loss with all other issues reserved for settlement by either negotiation or litigation, while arbitration considers all issues necessary for disposition of the entire controversy between the parties. *Ice City Inc. v. Insurance Co. of North America,* 456 Pa. 210, 314 A.2d 236 (1974).

For purposes of enforceability, there is no distinction between arbitration and appraisal and both will be reviewed accordingly. *McGourty v. Pennsylvania Millers Mutual Insurance Co.,* 704 A.2d 663 (Pa. Super. 1997); *Riley v. Farmers Fire Insurance Co.,* 735 A.2d 124 (Pa. Super. 1999).

The trial court's scope of review in appraisal matters is much more limited than a typical arbitration provision since appraisal provides only for resolution of issue of valuation while arbitration provides for resolution of the entire controversy between the parties. *Boulevard Associates v. The Seltzer Partnership,* 445 Pa. Super. 10, 664 A.2d 983 (1995); *Ice City Inc. v. Insurance Co. of North America,* 456 Pa. 210, 314 A.2d 236 (1974).

"In arbitration governed by common-law principles, the arbitrators are the final judges of both law and fact and the award is not subject to judicial review for mistakes of either unless it is clearly shown that the party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. To prevail on these grounds, actual fraud must be shown. . . . Similarly, an 'irregularity' will not be found simply upon a showing that an incorrect result was reached. An irregularity which requires reversal of a common-law arbitration award refers to the process employed in reaching the result of the arbitration, not the result itself." *Boulevard, supra,* 445 Pa. Super. at 18, 664 A.2d at 987; *Gwin Engineers Inc. v. Cricket Club Estates Development Group,* 382 Pa. Super. 533, 555 A.2d 1328 (1989). In addition, arbitrator's authority is restricted to the powers the parties have granted them, and the trial court may examine whether the arbitrators exceeded the scope of their authority. *Sley System Garages v. Transport Workers Union of America,* 406 Pa. 370, 178 A.2d 560 (1962); *Giant Markets v. Sigma Marketing Systems,* 313 Pa. Super. 115, 459 A.2d 765 (1983).

Specifically, the *Boulevard* court held that judicial review of appraisal is limited to fraud, misconduct, cor-

ruption or other irregularity causing an unjust result. *Boulevard, supra* at 18, 664 A.2d at 987. The panel also determined that the reviewing court may examine the appraisers' scope of authority and whether they have exceeded it. The powers of the appraisers are determined by the submission assigned to them by the parties. Since appraisers do not have authority to decide matters not included in the submission, the trial court may review the scope of their authority. Assigning this review function to the trial court maintains the strict limitation on review but assures the parties that the appraisers have not gone beyond the submission assigned to them. *Boulevard, supra* at 18-19, 664 A.2d at 987.

We must remember that limited judicial review imposes finality in a contested matter and to permit anything but limited judicial review defeats the purpose of appraisal as well as arbitration. *Riley, supra* 735 A.2d at 129.

Moreover, we note that the trial court's decision in these appraisal confirmation (and/or vacation) matters will not be disturbed absent an abuse of discretion or error of law. *Hall v. Nationwide Mutual Insurance Co.,* 427 Pa. 449, 629 A.2d 954 (1993), *appeal denied,* 537 Pa. 623, 641 A.2d 588 (1993).

## B. *Discussion of the Merits*

With the above legal principles in mind, we must first note one other matter. On September 13, 1999, the undersigned summarily dismissed defendants' motion to limit the appraisal solely to a determination of the amount of business interruption loss sustained by W.V. Realty Inc. However, we want to make clear that we did so without prejudice to the defendant's right to raise the same

issues that they have now raised in their motion to vacate.

While we are now allowing the defense to revisit some issues raised before us summarily on September 13, 1999, we see difficulty in reconciling defendant's inconsistent positions regarding the amount of the loss.

The defendants have filed a companion subrogation complaint in federal court for the Eastern District of Pennsylvania alleging approximately $1.2 million dollars in damages yet in this proceeding are now disputing that amount.

We are troubled that a defendant can make a claim for an amount certain in one proceeding where they seek reimbursement and yet dispute that same amount in a proceeding wherein their payment is sought. The doctrine of judicial estoppel does not allow such capricious conduct. *In re: Superior-Pacific Fund Inc.,* 693 A.2d 248 (Pa. Commw. 1997); *Ligon v. Middletown Area School District,* 136 Pa. Commw. 566, 584 A.2d 376 (1990); *Tops Apparel Manufacturing Co. v. Rothman,* 430 Pa. 583, 244 A.2d 436 (1968).

Beyond that, there is no irregularity of the appraisal proceeding alleged by defendants that is sufficient to vacate the appraisal award or business interruption loss. Certainly, this is a covered policy item (see exhibit "D" to defendant's motion to vacate appraisal award) which is essential for lost income rather than the value of damaged or destroyed property. The umpire and appraisers relied on the submissions of the parties and were free to make a determination of which numbers they found credible. We cannot disturb that finding. *Boulevard Associates v. The Seltzer Partnership,* 445 Pa. Super. 10, 664 A.2d 983 (1995).

The same can be said for that portion of the appraisal award for loss of income based upon the period of restoration, a separate recovery for "extra expenses" and award for "debris removal." Those numbers were based on the submissions of the parties of which the umpire and appraisers are free to make a determination of the valuations they found more credible. In fact, the valuation of $549,840 (value of the building) is nearly identical to the value placed upon it by the defendant's own expert and the $16,200 for the debris removal is the defendant's valuation of the amount. None of these amounts can be said to have been arrived at by fraud, corruption or irregularity. See *Boulevard, supra.*

However, the court does feel that the computation of interest was not in proper conformity with the policy language and the appraisal award may have exceeded its scope of authority in that respect. This small oversight can be easily corrected and molded.

Loss payment is not due until 30 days after the defendants receive the sworn proof of loss if inter alia, an appraisal award had been made. (See exhibit "A" to defendant's motion to vacate, building and personal property coverage form at p. 6.)[1]

Therefore, interest is not due according to the terms of the policy or applicable case law absent an agreement

---

1. "4 Loss payment

"F We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss if:

"(1) You have complied with all of the terms of this coverage part; and

"(2)(a) We have reached agreement with you on the amount of loss; or

"(b) An appraisal award had been made."

until an appraisal award is made. *J. Purdy Cope Hotels Co. v. Fidelity Phenix Fire Insurance Co.*, 126 Pa. Super. 260, 191 A. 636 (1937). Also, any interest paid should only be due on the net amount of money owed. (The appraisal award less a credit for any amounts paid.)

The umpire erroneously awarded interest beginning 30 days after September 6, 1996 (the day the umpire determined the defendant had information in its possession sufficient to determine the loss). See exhibit "H" to defendant's motion to vacate appraisal award.

The proper computation of the award would be $1,241,398.30 less credit to the defendant for any money amount previously paid. Interest would run at the legal rate on that remaining *net* amount due commencing 30 days for December 6, 1999 (the date of the appraisal award) until paid in full. Therefore, this issue must be remanded for exact calculations since the court lacks critical information on credits prepaid and net amounts remaining.

For the reasons set forth above, other than the adjusted calculation for interest, we find no fraud, misconduct, corruption or other irregularity, which caused the rendition of an unjust, inequitable or unconscionable award justifying disturbing the appraisal award.

An appropriate order follows.

## ORDER

And now, to wit, May 15, 2000, upon consideration of defendant's motion to vacate appraisal award and plaintiff's petition to confirm appraisal award pursuant to 42 Pa.C.S. §7341 and the written briefs and oral arguments of counsel, it is hereby ordered and decreed that defendant's motion to vacate appraisal award is denied

and plaintiff's petition to confirm appraisal award pursuant to 42 Pa.C.S. §7341 is granted.

It is further ordered and decreed that judgment is entered against defendants for $1,241,398.30 less a credit for any payments previously made to plaintiffs to date with interest on the net amount only at the legal rate commencing 30 days from December 6, 1999 (the date of the appraisal award) until paid in full.

It is further ordered and decreed that the parties recalculate the interest consistent with this memorandum and order. If the parties cannot agree on the calculation of interest, the matter shall be resubmitted to the umpire and appraisers for calculation of interest as per the court's directives.